## A03A0827. McGHEE v. THE STATE.
(589 SE2d 333)

RUFFIN, Presiding Judge.

Chris McGhee was charged with aggravated sexual battery, aggravated child molestation, and four counts of child molestation. Following a jury trial, McGhee was convicted of aggravated sexual battery and four counts of child molestation, but the jury was unable to reach a verdict on the aggravated child molestation charge. On appeal, McGhee challenges the sufficiency of the evidence. McGhee also contends that he received ineffective assistance of counsel. For reasons that follow, we affirm.

1. Following his convictions for aggravated sexual battery and child molestation, McGhee no longer enjoys a presumption of innocence, and we view the evidence in a light most favorable to upholding the jury's verdict.[1] In so doing, we neither weigh the evidence nor assess witness credibility, but merely determine whether "the evidence . . . is sufficient to enable a rational trier of fact to find all the essential elements of the crime charged beyond a reasonable doubt."[2]

Viewed in this light, the evidence shows that McGhee dated the victim's mother for several years. According to the victim, McGhee began molesting her when she was 11 or 12 years old. McGhee began by making the victim sit on his lap in such a manner that she could feel his penis. The acts escalated, as McGhee started fondling the victim's chest and vagina. On one occasion, McGhee penetrated the victim's vagina with his fingers. The victim also testified that, on several occasions, McGhee put his mouth on her vagina, and, on at least one occasion, he rubbed his penis between her legs.

In the fall of 1999, the victim spent the night with her cousin, Lashonda Hill, and Hill's children. After the other children had gone to bed, the victim confided in Hill that McGhee had been touching her inappropriately. The victim, who was crying, admitted to Hill that she had not told her mother about the touching because she did not think her mother would believe her. The victim's younger sister overheard the discussion, and she volunteered that she had seen McGhee in a bedroom while her sister was lying naked, on the bed.

Hill called the victim's mother and reported the allegations of abuse. The mother subsequently confronted the victim, who testified that she refused to tell her mother what had happened because her mother seemed very angry and she was afraid. Evidently, the mother confronted McGhee about the allegations, and the abuse stopped for a while. On October 19, 2000, however, before the victim left for school, McGhee called her into his room and fondled her on her chest

---

[1] See *Pittman v. State*, 243 Ga. App. 564 (1) (533 SE2d 769) (2000).
[2] Id.

and vagina. That day, the victim told a teacher she did not want to go home because McGhee was molesting her. Based upon this and other evidence, the jury found McGhee guilty of aggravated sexual battery and four counts of child molestation.

On appeal, McGhee contends that the evidence of his guilt was insufficient because it consisted primarily of the victim's testimony and the statements of her sister, which McGhee characterizes as "inconsistent." However, "[t]he testimony of a single witness is generally sufficient to establish a fact."[3] And, to the extent that any witness' testimony was inconsistent or contradicted, we note that it is the function of the jury — not this Court — to resolve such conflicts in the evidence.[4] The jury clearly resolved the conflicts against McGhee, and we will not disturb the jury's findings on appeal.[5] It follows that this enumeration of error presents no basis for reversal.[6]

2. McGhee also contends that he is entitled to a new trial based upon the ineffective assistance he received from trial counsel. We disagree.

To sustain a claim of ineffective assistance, McGhee must establish not only that trial counsel's performance was deficient, but that such deficiency prejudiced his defense.[7] Moreover, " 'there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy.' "[8]

Here, McGhee's claim of ineffectiveness is predicated on his attorney's misapprehension about other charges pending against him. McGhee's lawyer believed that the victim had brought a child cruelty charge against McGhee, which McGhee contended was false. Thus, during opening statements, trial counsel said that the victim resented McGhee and, as a result, had brought the charge against him. In fact, the victim did not bring the charge, which was subsequently dropped for lack of prosecution. Thus, McGhee's lawyer did not pursue the issue during trial.

According to McGhee, his lawyer's lack of familiarity with the child cruelty charge "speaks to the deeper problem of basing a theory of defense on something that did not occur, and that counsel should have known did not occur." McGhee further asserts that his attorney's mistake precluded him from mounting any meaningful defense. This assertion lacks merit.

---

[3] (Punctuation omitted.) *Grooms v. State*, 261 Ga. App. 549, 550 (1) (583 SE2d 216) (2003).

[4] See *Rowe v. State*, 244 Ga. App. 654, 655 (1) (538 SE2d 452) (2000).

[5] See id.

[6] See id.; *Grooms*, supra.

[7] See *Summerour v. State*, 242 Ga. App. 599, 602 (3) (530 SE2d 494) (2000).

[8] *Hazelrigs v. State*, 255 Ga. App. 784, 785 (567 SE2d 79) (2002).

At the hearing on McGhee's motion for new trial, trial counsel testified that his strategy was to maintain McGhee's innocence and to discredit the victim and her sister. Although the victim's testimony was consistent, the attorney was able to bring out inconsistencies in the sister's statements. The attorney also presented evidence, including the testimony of both McGhee and the victim's mother, to discredit the victim's testimony. Thus, contrary to McGhee's contention on appeal, any misapprehension on the part of his attorney did not preclude him from presenting a cogent defense. And, generally, counsel's decision as to which theory of defense to pursue is considered strategic and cannot serve as the basis for an ineffective assistance claim.[9]

Moreover, we fail to see how McGhee was prejudiced by the attorney's mistake. According to McGhee's characterization of events, the jury was mistakenly informed that the victim had brought prior, baseless charges against him. Rather than harming McGhee, it seems as though this type of misinformation would benefit him by improperly impugning the victim's credibility. Under these circumstances, McGhee has failed to demonstrate that he received ineffective assistance of counsel.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED OCTOBER 24, 2003.

*Robert J. Storms*, for appellant.

*J. Tom Morgan, District Attorney, Rosemary W. Brewer, Kristin M. Childers, Assistant District Attorneys*, for appellee.

---

[9] See *Kemp v. State*, 257 Ga. App. 340, 341 (2) (571 SE2d 412) (2002).