A06A0481. BERMAN v. THE STATE.
(632 SE2d 757)

RUFFIN, Chief Judge.

A jury found Frank William Berman III guilty of aggravated child molestation and two counts of child molestation. Berman appeals, challenging the sufficiency of the evidence. He also argues the trial court erred in admitting certain evidence, charging the jury, and allowing the jury to watch the child victim's videotaped interview during its deliberations. Finally, he argues that he received ineffective assistance of counsel at trial. For reasons that follow, we affirm.

1. On appeal from his criminal convictions, Berman no longer enjoys a presumption of innocence, and we construe the evidence in

a light favorable to the jury's verdict.[1] We do not weigh the evidence or assess witness credibility, "but merely determine whether the evidence [was] sufficient to enable a rational trier of fact to find all the essential elements of the crime charged beyond a reasonable doubt."[2]

Viewed in this manner, the evidence shows that Berman is the victim's uncle. The victim, who was 12 years old at the time of trial, lived with her mother, her brother, and Berman in Berman's house at various periods between her fifth and eleventh birthdays.

The victim testified that at one point when she was between seven and nine years old, she got out of the bath, wrapped herself in a towel, and went into Berman's room to ask him a question. Berman entered and told her she needed to "open" her legs. He then forced her legs apart while she was on the bed, dropped to his knees, and licked her vagina. On two subsequent occasions, Berman masturbated in front of her, once while she was jumping rope downstairs and once when she entered his bathroom. During the bathroom incident, Berman began to ejaculate, then asked the victim "to taste it."

The victim referred to Berman's masturbation as "the hand thing." And she testified that prior to her birthday one year, she asked for an expensive gift, and Berman stated that she would need to do "[t]he hand thing at least twice to get it." She also stated that when she sat with Berman on his lap, she could feel his "private part" move "up."

During the summer that the victim turned 11, she and her brother visited for an extended period with their father and stepmother in Florida. That summer, she reported Berman's conduct to her brother, and he advised her to tell her stepmother. The victim then described some of Berman's actions to her stepmother, who informed the victim's father.

The victim's brother confirmed at trial that the victim told him that Berman had been " 'messing with her.' " Specifically, she described to him one incident during which Berman masturbated in front of her, as well as the time Berman forced open her legs and licked her "private area." The victim's stepmother also testified that the victim reported Berman's conduct to her.

After the outcry, Faye Frazer, a clinical case coordinator with the University of Florida Child Protection Team, conducted a forensic interview with the victim. During the interview, the victim told Frazer about Berman's actions. The interview was videotaped and played for the jury.

---

[1] See *McGhee v. State*, 263 Ga. App. 762 (1) (589 SE2d 333) (2003).

[2] (Punctuation omitted.) Id.

Gwinnett County Police Detective D. L. Brewster investigated the allegations and interviewed the victim, who again described the incidents. Brewster also interviewed Berman. Although Berman denied the allegations, he admitted that the victim had once entered the bathroom without knocking when he was masturbating and had also seen him naked in the shower. Berman testified at trial and denied touching the victim inappropriately.

Based on this and other evidence, the jury found Berman guilty of aggravated child molestation by placing his mouth on the victim's vagina, child molestation by masturbating in front of her, and child molestation by asking the victim to taste his ejaculate. Particularly given the victim's detailed testimony about these incidents, we find the evidence more than sufficient to sustain the jury's findings.[3] Any discrepancies in the victim's statements to various people, contradictions in the time line, or evidence regarding animosity between the victim's mother and father presented credibility issues for the jury, not this Court, to resolve.[4]

2. Berman argues that the trial court improperly admitted the victim's out-of-court statements under the Child Hearsay Statute[5] without first determining their reliability. But Berman has not pointed to — and we have not found — any place in the record where he objected to the admission of this evidence. For example, no such objection appears during the testimony of the victim's brother, the victim's stepmother, Faye Frazer, or Detective Brewster, all of whom testified extensively about the victim's statements to them. And Berman's counsel stated that he had no objection to the admission of the victim's videotaped interview with Frazer. Under these circumstances, Berman has waived this claim of error for purposes of appeal.[6]

3. Berman also argues that the trial court erred in permitting Detective Brewster to "bolster" the victim's credibility. The record shows that Brewster testified about his technique when interviewing children, including his admonitions to them regarding telling the truth. At one point during this testimony, he stated, "I wasn't about to let something happen to somebody," and defense counsel objected

---

[3] See OCGA § 16-6-4 (a) ("A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."); OCGA § 16-6-4 (c) ("A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy."); McGhee, supra at 762-763.

[4] See McGhee, supra at 762-763; Hopper v. State, 267 Ga. App. 218, 220 (1) (598 SE2d 926) (2004).

[5] See OCGA § 24-3-16.

[6] See Frazier v. State, 278 Ga. App. 685, 687-688 (1) (b) (629 SE2d 568) (2006).

that the statement was improper. The trial court asked whether this was something Brewster told the victim. Brewster responded affirmatively, and the trial court overruled the objection. Brewster then testified: "I said that, you know, I want her to make sure she tells me the truth, you know, as I'm talking to her because I'm not going to let something happen to somebody if I'm not getting the truth."

We find no error. It is true that under "no circumstance may a witness's credibility be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth."[7] The record shows, however, that Brewster merely testified as to his instructions and statements to the victim regarding the need for truth. The objected-to statement does not constitute an opinion as to whether the victim was, in fact, truthful.[8]

We recognize that, on several occasions, Brewster testified that the victim was "solid" in the retelling of her story and did not waver, despite his efforts to "trip[ ] [her] up." Again, however, Berman interposed no objection to this testimony. To the extent that he claims such testimony improperly bolstered the victim, therefore, this claim of error was waived.[9]

4. Next, Berman claims that the trial court erred in charging the jury with respect to the statute of limitation. The record shows that the trial court instructed jurors regarding the applicable seven-year limitation period pursuant to OCGA § 17-3-1 (c). Specifically, it advised that "prosecution for this offense must begin within seven years after the offense has been committed." Berman does not challenge such instruction as improper. Rather, he claims that the trial court also should have charged the jury on OCGA § 17-3-2.1, which provides that if a child molestation victim

> is under 16 years of age on the date of the violation, the applicable period within which a prosecution must be commenced . . . shall not begin to run until the victim has reached the age of 16 or the violation is reported to a law enforcement agency, prosecuting attorney, or other governmental agency, whichever occurs earlier.

We are perplexed by Berman's claim that he was somehow harmed by the trial court's failure to instruct on OCGA § 17-3-2.1, which *tolls* the statutory limitation period for certain crimes against

---

[7] (Punctuation omitted.) *Zepp v. State*, 276 Ga. App. 466, 473 (4) (c) (623 SE2d 569) (2005).

[8] See id. at (4) (c) (ii).

[9] See *Pollard v. State*, 260 Ga. App. 540, 542 (2) (580 SE2d 337) (2003); *Alford v. State*, 243 Ga. App. 212, 214-215 (4) (534 SE2d 81) (2000).

children.[10] In short, the tolling provision gives the State additional time to commence a prosecution. To the extent Berman raised a statute of limitation defense, the jury was informed only that the limitation period commenced on the date of each offense. The State apparently did not seek — and was not given — the benefit of the tolling provision.

Berman apparently claims that, through the trial court's instruction, the jury was led to believe that it could only calculate the statute of limitation based on the dates in the indictment, which alleged that the offenses took place between January 1, 2000, and June 30, 2001. We disagree. The trial court clearly informed jurors that the statute of limitation commenced on the date the offense was committed. It further instructed: "If you find from the evidence that this indictment in this case was not filed within seven years after the offense was committed and the victim was less than 18 years of age at the time of the offense, it would be your duty to acquit the defendant." Reading the instructions as a whole, we find nothing misleading or improper in the trial court's charge.[11]

5. Berman further claims that the trial court erred in allowing the jury to view the victim's videotaped interview for a second time, after the close of evidence. The record shows that, during its deliberations, the jury asked to view the videotape again. Berman objected to the jury's request. The trial court overruled the objection and replayed the entire videotape for the jury in the courtroom.

"The replaying of evidence which the jury asks to hear is within the discretion of the trial court."[12] Furthermore, "we have specifically approved a trial court's decision to replay a videotape for the jury under the controlled conditions of the courtroom."[13] We find no abuse of discretion in the trial court's decision to replay the victim's interview.[14] Although Berman now claims that the trial court should have given cautionary instructions relating to the replayed videotape, such instructions are not required, and the record shows that Berman never requested any instructions.[15]

6. Finally, Berman argues that his trial counsel was ineffective in failing to file a special demurrer to the indictment to obtain more specific dates for the alleged offenses. To succeed in this claim,

---

[10] See *Tompkins v. State*, 265 Ga. App. 760, 765 (2) (c) (595 SE2d 599) (2004) (describing OCGA § 17-3-2.1 as a tolling provision), aff'd in part and rev'd in part on other grounds, 278 Ga. 857 (607 SE2d 891) (2005).

[11] See *Murphy v. State*, 279 Ga. 410, 412 (5) (614 SE2d 53) (2005).

[12] *Newman v. State*, 233 Ga. App. 794, 797 (5) (504 SE2d 476) (1998).

[13] *Carter v. State*, 267 Ga. App. 520, 523 (4) (600 SE2d 637) (2004).

[14] See id.; *Newman*, supra.

[15] See *Farrow v. State*, 222 Ga. App. 689, 691 (2) (475 SE2d 706) (1996).

Berman must show that counsel's performance was deficient and that " 'there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency.' "[16]

The indictment alleged that each of the offenses occurred between January 1, 2000, and June 30, 2001. It is true that "an indictment which fails to allege a specific date on which the crime was committed [generally] is not perfect in form and is subject to a timely special demurrer."[17] But "where the evidence does not permit the [S]tate to identify a single date on which the offense occurred, ... the indictment instead may allege that the offense occurred between two particular dates."[18]

The record shows that the victim could not recall the exact dates when the events alleged in the indictment occurred. Clearly, therefore, the State was not able to identify a specific date for the offenses, and Berman has offered no other evidence that the indictment was imperfect in form or substance.[19] Berman complains that the failure to specify dates in the indictment forced him to defend against allegations that may have occurred at any point during the seven-year statute of limitation.[20] But he has not shown that this requirement impaired his ability to present a defense.

Simply put, Berman has not established that a special demurrer would have been successful or that counsel's failure to file such pleading before trial affected the outcome of the proceedings.[21] Accordingly, his ineffective assistance claim lacks merit.[22]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 16, 2006.

---

[16] *Abernathy v. State*, 278 Ga. App. 574, 580 (3) (630 SE2d 421) (2006).

[17] *State v. Gamblin*, 251 Ga. App. 283 (1) (553 SE2d 866) (2001).

[18] Id.

[19] See *Blackmon v. State*, 272 Ga. App. 854 (614 SE2d 118) (2005) ("[A] defendant who has timely filed a special demurrer is entitled to an indictment perfect in form and substance.").

[20] See *Gentry v. State*, 235 Ga. App. 328, 329 (3) (508 SE2d 671) (1998) (Generally, " '[w]here the exact date is not stated as a material allegation of the time of commission of the offense in the indictment, it may be proved as of any time within the statute of limitations.' ").

[21] See *Hunt v. State*, 268 Ga. App. 568, 573-574 (4) (602 SE2d 312) (2004); *Gentry*, supra at 329-330; *Massengale v. State*, 164 Ga. App. 57, 58 (1) (296 SE2d 371) (1982).

[22] See *Owens v. State*, 271 Ga. App. 365, 370 (5) (609 SE2d 670) (2005) ("Failure to make a meritless or futile objection or motion cannot be evidence of ineffective assistance."); see also *Abernathy*, supra at 587 (3) (b) (iv) (rejecting ineffective assistance claim based on counsel's failure to file a special demurrer where defendant "failed to establish that his defense was prejudiced by any alleged inadequacy in the indictment").

*Novy, James & Vaughan, Eugene Novy, Deborah M. Vaughan,* for appellant.

*Daniel J. Porter, District Attorney, Lisa A. Jones, Assistant District Attorney,* for appellee.