A07A1142. NORTHERN v. THE STATE.
(645 SE2d 701)

BLACKBURN, Presiding Judge.

Following a jury trial, Michael Northern appeals his convictions for statutory rape and child molestation, challenging the sufficiency of the evidence and arguing that the trial court erred in denying his motion for mistrial and in sustaining an objection to a cross-examination question. We hold that the evidence sufficed to sustain the convictions, that Northern's failure to renew his motion for mistrial after curative instructions waived the issue, and that the trial court did not abuse its discretion in sustaining an objection to a question calling for a legal conclusion. Accordingly, we affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of

[19] *Brown v. State*, 86 Ga. 633, 635 (13 SE 20) (1891).

innocence. *Short v. State*.[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[2]

So viewed, the evidence shows that on the evening of March 1, 2006, Northern drove the 15-year-old daughter of his live-in girlfriend home so she could take a nap before her mother came to pick her up for night school. While she slept, Northern, who had completely disrobed and placed on only a bathrobe, entered her bedroom and removed some of her clothes. He left, only to return shortly and take off more of her clothes; he then had vaginal intercourse with her. The mother arrived home and found Northern in the daughter's bedroom, who arose with a look of surprise from the bed where the daughter lay with her legs spread and wearing no underwear. Horrified, the mother demanded to know if this had occurred before; Northern responded that this was the second incident.

Northern escaped before police arrived. The mother took the daughter to the hospital, where a nurse trained in handling suspected rape victims determined that the girl's physical condition was consistent with recent vaginal intercourse and that certain injuries to the girl's genitals indicated that force had been used. At trial, the daughter testified that Northern had almost daily fondled her private parts and engaged in intercourse with her for the two years preceding March 1. Northern was charged with statutory rape based on the March 1 incident and with child molestation based on the prior ongoing incidents. A jury found him guilty of both crimes.

(a) *Statutory Rape.* OCGA § 16-6-3 (a) provides that "[a] person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim." Northern claims that no evidence showed he was not married to the victim, that no evidence corroborated the testimony of the victim, and that the victim's testimony was inconsistent and conflicting.

The victim specifically testified that she was not married to Northern. Regarding evidence needed to support the victim's testimony, it is true that "there must be corroborating evidence fairly tending to prove that the crime was committed, and that it was committed by the defendant." *Wright v. State*.[3] However, "[s]light circumstances may be sufficient corroboration," which is a matter for

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Wright v. State*, 184 Ga. 62, 67 (4) (190 SE 663) (1937).

the jury to determine. *Morgan v. State.*[4] "Therefore, if there be any corroborative evidence at all, this court will not pass upon its probative value," but will sustain the verdict. Id. at 533 (1). Here, ample evidence corroborated the victim's testimony. The mother found Northern (naked but for a bathrobe) rising from the victim's bed where the victim lay with legs spread and no underwear. Northern confirmed to the mother that this had occurred before. The nurse's examination showed the victim exhibited physical signs consistent with recent forced vaginal intercourse.

Northern's complaint that the victim's testimony was conflicting and inconsistent carries no weight on appeal. "[R]esolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court." (Punctuation omitted.) *Dean v. State.*[5] "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Punctuation omitted.) *Duvall v. State.*[6] Evidence supported the jury's verdict here.

(b) *Child Molestation.* OCGA § 16-6-4 (a) provides: "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." Northern contends that the evidence of the earlier ongoing molestation was not specific as to a date (the indictment alleged "between the 1st day of November, 2005 and the 28th day of February, 2006") and that no evidence showed he performed the acts with the intent to arouse or satisfy his sexual desires.

Regarding the date-range period of the earlier ongoing fondling of and intercourse with the victim, we recently reiterated that

> where the evidence does not permit the state to identify a single date on which an offense occurred, the indictment may allege instead that the offense occurred between two particular dates. Where the exact date is not stated as a material allegation of the offense, it may be proved as of any time within the statute of limitation.

(Footnote omitted.) *Stroud v. State.*[7] Based on the circumstances of this case, we discern no error.

---

[4] *Morgan v. State*, 229 Ga. 532 (1) (192 SE2d 338) (1972).

[5] *Dean v. State*, 273 Ga. 806, 807 (1) (546 SE2d 499) (2001).

[6] *Duvall v. State*, 273 Ga. App. 143, 144 (1) (c) (614 SE2d 234) (2005).

[7] *Stroud v. State*, 284 Ga. App. 604, 609 (3) (a) (644 SE2d 467) (2007).

Regarding the evidence showing Northern's intent to arouse his sexual desires, "[t]he testimony of the child molestation victim alone was sufficient to authorize the jury . . . to infer that he acted with the intent to arouse or satisfy his and her sexual desires." *Malone v. State.*[8] See *Duvall*, supra, 273 Ga. App. at 143 (1) (a) ("The jury could certainly infer from [defendant's] actions that he acted with the intent to arouse or satisfy his sexual desires."); *Howard v. State.*[9]

Finally, we decline Northern's invitation to change the overall standard of review for sufficiency of the evidence in child molestation cases.

2. Northern argues that the trial court erred in denying his motion for mistrial made when a State witness (the mother) testified that she was unable to give the correct tag number of Northern's vehicle to the 911 operator as he was escaping because he had often changed the tag plates of the various cars at the residence. Citing OCGA §§ 40-2-5 and 40-2-7, Northern claims that this evidence reflected prior criminal conduct that improperly brought his character into evidence.

When Northern moved for mistrial, the trial court denied the motion but asked Northern if he wanted a curative instruction. Northern responded positively, and the court recessed to allow Northern to draft the wording of the curative instruction. The court then instructed the jury in the language of the drafted instruction. Northern did not renew his motion for mistrial. Where the record shows that the defendant acquiesced in the trial court's decision to give curative instructions and did not renew his motion for mistrial after the instructions were given, the defendant has waived the issue for purposes of appeal. *Thomason v. State.*[10] See *Stokes v. State.*[11]

3. Northern alleges that the trial court erred in sustaining an objection to a question during his cross-examination of the victim. Specifically, when the victim indicated she was forced into having sex, Northern asked her to explain, to which she responded that she had not wanted to engage in the sex. Northern then pressed, "Well, what element of force was present?" The court sustained the prosecution's objection that the question called for a legal conclusion. Northern responded, "Okay," and did not rephrase the question or inquire further into the matter.

"Whether a question calls for a legal conclusion, or principally a fact which incidentally involves a legal word or phrase, is within the

---

[8] *Malone v. State*, 277 Ga. App. 694, 696 (1) (627 SE2d 378) (2006).
[9] *Howard v. State*, 268 Ga. App. 558, 559-560 (602 SE2d 295) (2004).
[10] *Thomason v. State*, 281 Ga. 429, 434 (13) (637 SE2d 639) (2006).
[11] *Stokes v. State*, 281 Ga. 875, 877, n. 3 (644 SE2d 116) (2007).

sound discretion of the trial court." (Punctuation omitted.) *Shaw v. Ruiz.*[12] In *Shaw*, a party was asked whether he felt the other party had a responsibility to pay for certain equipment and why, to which the trial court sustained a "legal conclusion" objection. Id. Noting that the questioning party had made no attempt to rephrase the question, *Shaw* found no abuse of discretion in the trial court's sustaining the objection. Here, the contested question to the young witness demanded that she identify the "element of force" in the sexual encounter, legal terminology that a trial court could well determine was objectionable. Cf. *Humphreys v. State.*[13] Northern seemed to acquiesce to this determination and did not even attempt to rephrase the question. We discern no abuse of discretion.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED MAY 8, 2007.

*Paul S. Liston*, for appellant.
*Scott L. Ballard, District Attorney*, for appellee.

---

[12] *Shaw v. Ruiz*, 207 Ga. App. 299, 302 (8) (428 SE2d 98) (1993).
[13] *Humphreys v. State*, 35 Ga. App. 386, 387 (2) (133 SE 518) (1926).
[1] See *Adams v. Hare*, 244 Ga. App. 605 (536 SE2d 284) (2000).