A07A1590. AAL v. THE STATE.
(659 SE2d 609)

SMITH, Presiding Judge.

Mohamed Hussein Aal was found guilty by a Gwinnett County jury of driving under the influence (less safe), failure to maintain a lane, and speeding. His motion for new trial was denied, and he appeals, asserting that the trial court erred in denying his motion for a mistrial after a witness's nonresponsive comment, and that the trial court also erred in refusing to allow an expert to give an opinion in a particular area of expertise. Finding no error, we affirm.

1. Aal first complains that the trial court erred in denying his motion for mistrial after the arresting officer gave a nonresponsive answer to a question regarding the HGN or horizontal gaze nystagmus test. "If we observe the involuntary jerking of the eyes we have an indication that it is above an .08 level."

As the trial court correctly noted, this was general testimony with respect to the test, not particular testimony with respect to the defendant. Moreover, after Aal indicated that he wished the trial court to give a curative instruction, the jury was instructed to "disregard any mention of any numerical value assigned to the giving of the horizontal gaze nystagmus test." But Aal did not thereafter renew his earlier motion for a mistrial. "Where the record shows that

---

the defendant acquiesced in the trial court's decision to give curative instructions and did not renew his motion for mistrial after the instructions were given, the defendant has waived the issue for purposes of appeal." (Citations and footnotes omitted.) *Northern v. State*, 285 Ga. App. 303, 306 (2) (645 SE2d 701) (2007). This enumeration of error therefore has been waived.

2. During the trial, Aal's counsel offered the testimony of an ophthalmologist and attorney, Dr. Joseph Citron, regarding the HGN field evaluation and ophthalmology. He also offered him as an expert in "standardized field sobriety evaluations." As well as testifying regarding the HGN test administered to Aal, Dr. Citron also was offered to testify that Aal had had two surgeries in the past and that they affected his "pain threshold" and could have affected his performance on the walk and turn and one-leg stand tests. The State did not object to Aal offering Dr. Citron as an expert in ophthalmology or the HGN test, but objected to his being qualified as an expert in the walk and turn and one-leg stand tests. Dr. Citron acknowledged that he had not treated or examined Aal with respect to the surgery. After giving Dr. Citron an opportunity to examine Aal during an overnight recess,[1] the trial court again sustained the objection, noting that Dr. Citron "is not qualified to go into matters of urology or whatever other areas [Aal] was operated on."

Aal made a proffer of the testimony, in which Dr. Citron limited his opinion to his review of Aal's medical records showing the procedure which was done, and his opinion regarding the pain issues resulting from such surgery. He identified the first surgery as a procedure to repair a variocele, a proliferation of blood vessels in the scrotum, and the second surgery as a procedure to drain a boil or sebaceous cyst in the same area. His proffered testimony included the opinion that some pain was associated with both conditions pre- and post-surgery. The trial court declined to admit the testimony.

In elaborating on its earlier ruling in its order denying Aal's motion for new trial, the trial court observed that Dr. Citron's proffer contained no information specific to Aal's condition, but only to the general course of treatment associated with such a medical complaint

---

[1] The court: What areas of his person have you examined?
The witness: Examination, I have done the HGN and eye examination.
The court: You haven't had him naked in your office, then, right?
The witness: Not yet, no.
The court: And I think until he does that, he can't testify about anything except what he has examined.
Defendant's counsel: That will be fine. We will have him naked in the office before tomorrow.
The court: Fine with me. I'm going home.

and the possibility of "pain" or that it "could be" painful "depending upon the size." His testimony "would have provided no information to the jury concerning defendant's condition on the night in question."

"The qualification of a witness as an expert is addressed to the sound discretion of the trial court. [Cit.]" *Keri v. State*, 179 Ga. App. 664, 667 (1) (347 SE2d 236) (1986). The ruling of the trial court was well within its discretion. Dr. Citron had no personal knowledge of the surgery in question or of the medical records in Aal's file referring to those surgeries. As the trial court observed, this does not satisfy the requirements of *Stancil v. State*, 155 Ga. App. 731, 733 (3) (272 SE2d 511) (1980) (proffer is inadequate unless it showed "that such testimony was material and would have benefited the complaining party") (citations and punctuation omitted).

Moreover, Aal's live-in girlfriend was permitted to testify at considerable length regarding Aal's medical issues arising from the surgery and its effect on his ability to walk normally at the time of the arrest. "[T]herefore the jury had the benefit of much of the evidence the defendant sought to elicit from his expert." *Lee v. State*, 262 Ga. 593, 594 (3) (423 SE2d 249) (1992). This enumeration of error is also without merit.

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

On Motion for Reconsideration.

Aal contends that he renewed his motion for mistrial after curative instructions were given. He did not.

A review of the colloquy surrounding this omission shows that Aal moved for a mistrial, which was denied, with the trial court offering curative instructions. Counsel at first suggested a curative instruction which the court rejected, and there was some discussion about the content of any curative instruction. Counsel rejected the court's proposal and said, "Well I guess then I will go back and stick to my request for a mistrial," but the trial court pointed out that the motion had already been denied and again asked counsel if he wanted curative instructions. Counsel responded that he thought it would be improper not to give curative instructions, but "I think I'm just going to stand on my request for mistrial." The trial court stated, "Well, I'm not going to give curative instructions unless you want them. I mean there is nothing to cure from the State's standpoint." Counsel responded that he thought that a failure to give curative instructions would "not be proper," and the trial court again asked, "So you want me to give curative instructions then?" and counsel finally indicated that he did. At that point, the jury was given a curative instruction, and Aal did not renew his motion for mistrial after the instruction as

required by law. He therefore waived his objection. *Northern v. State*, 285 Ga. App. 303, 306 (2) (645 SE2d 701) (2007).

The remainder of Aal's motion for reconsideration simply restates his argument in his original brief, and it is without merit for the reasons stated in this court's original opinion.

*Motion for reconsideration denied.*

DECIDED JANUARY 11, 2008 —
RECONSIDERATION DENIED MARCH 13, 2008.

*Head, Thomas, Webb & Willis, William C. Head, Jackie G. Patterson*, for appellant.

*Rosanna M. Szabo, Solicitor-General, Robby A. King, Assistant Solicitor-General*, for appellee.