### A08A0667. LANCASTER v. THE STATE.
(662 SE2d 181)

BERNES, Judge.
Following a jury trial, Tommy Eugene Lancaster appeals his convictions on one count of aggravated child molestation and one count of child molestation, arguing that the evidence was insufficient to support the jury's verdict. We disagree and affirm.

---

[14] (Footnotes omitted.) *Marshall v. State*, 286 Ga. App. 86, 87 (1) (648 SE2d 674) (2007).

> When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citations and footnotes omitted.) *Northern v. State*, 285 Ga. App. 303, 303-304 (1) (645 SE2d 701) (2007). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence adduced at trial showed that on the evening of September 23, 2003, appellant was left alone in his home with his eight-year-old daughter. At some point in the evening, the child's maternal grandmother went to appellant's home and discovered appellant in bed with his daughter. The child's pants were pulled down and appellant was rubbing his penis on the child's thighs.

When the child's mother returned home, the child told her that appellant had "took his private part and touched her private part" and that he had also touched his mouth to her "private part." The child relayed that appellant had warned her not to tell anyone.

The child's mother and grandmother took her to the medical center, where she was examined by an emergency medical physician. The physician testified at trial that the child stated that appellant had been touching her with his penis and had also licked her vagina.

An investigator in the sex crime unit of the sheriff's office was then dispatched to the medical center. The investigator conducted a videotaped interview of the child the following day and again the child stated that appellant had licked her vagina. She also told the investigator that appellant told her that "he would get in trouble" if she told anyone about the abuse.

The emergency medical physician referred the child to an advocacy center that specializes in examining and interviewing children of abuse. The certified pediatric nurse practitioner who examined the child at the advocacy center testified at trial that the child disclosed to her that appellant had touched the child's vagina on more than one occasion.

Finally, the child testified at trial that appellant had touched her "private" with his "private" on more than one occasion, beginning when she was seven years old. She further testified that appellant had licked her "private" on more than one occasion. Finally, the child stated that on one such occasion, her grandmother came into the room and discovered her father's abuse.

Contrary to appellant's assertion, this evidence was more than sufficient for a jury to find beyond a reasonable doubt that appellant had committed the crimes of aggravated child molestation[1] and child molestation[2] as charged in the indictment. See OCGA § 16-6-4 (a), (c); *Hutchinson v. State*, 287 Ga. App. 415, 418 (651 SE2d 523) (2007) (noting that the testimony of the child victim alone would have been sufficient to sustain appellant's convictions). See also *Malone v. State*, 277 Ga. App. 694, 696 (1) (627 SE2d 378) (2006). Although appellant points to certain statements by the child victim that he characterizes as inconsistent, it is the function of the jury, not this court, to resolve conflicts in the evidence. *McGhee v. State*, 263 Ga. App. 762, 763 (1) (589 SE2d 333) (2003). The jury clearly resolved the alleged conflicts against Lancaster and we will not disturb the jury's findings on appeal. Id.

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED MAY 1, 2008.

*Jennifer R. Ennerberg*, for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.

---

[1] The indictment alleged that appellant committed aggravated child molestation in that he did "commit the immoral and indecent act of placing his mouth against the genital area of [his daughter], a female child under the age of sixteen years, with the intent to arouse the sexual desires of the [appellant]." See OCGA § 16-6-4 (c).

[2] The indictment alleged that appellant committed child molestation in that he did "commit the immoral and indecent act of rubbing his penis against the leg of [his daughter], a female child under the age of sixteen years, with the intent to arouse the sexual desires of the [appellant]." OCGA § 16-6-4 (a).