**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J. and BOGGS, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 20, 2013**

# In the Court of Appeals of Georgia

A12A1747. WORLEY v. THE STATE.                               DO-067 C

DOYLE, Presiding Judge.

William Clint Worley appeals from the denial of his motion for new trial following his conviction by a jury of aggravated child molestation,[1] child molestation,[2] and first degree cruelty to children.[3] He contends that (1) the evidence was insufficient to support the verdict, (2) he received ineffective assistance of counsel, and (3) the trial court erred by admitting child hearsay testimony. For the reasons that follow, we affirm.

---

[1] OCGA § 16-6-4 (c).

[2] OCGA § 16-6-4 (a) (1).

[3] OCGA § 16-5-70 (b).

Construed in favor of the verdict,[4] the record shows that on multiple occasions during the time when Worley's step-daughter was nine to eleven years old, Worley would call her into his bedroom and force her to touch his private parts and perform oral sex on him. On other occasions when she angered Worley, he struck her, at least one time sending her to the hospital with a suspected broken nose. The victim disclosed the abuse to her grandmother and another person. The victim also described the abuse in a forensic interview arranged by police.

Worley was arrested and charged with three offenses based on the abuse as well as two violations of the Georgia Controlled Substances Act based on methamphetamine and marijuana found in his residence. Worley entered a negotiated guilty plea to the drug offenses, and, following a trial, he was found guilty by a jury on the remaining three offenses. After his motion for new trial was denied, Worley filed this appeal.

1. Worley contends that the evidence was insufficient to support the verdict. Specifically, he points to his own testimony denying the abuse, "bad blood" in the family that might be a motive for fabrication, and other testimony calling into question the credibility of the victim's accusations.

---

[4] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

When reviewing the sufficiency of the evidence,

> the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.[5]

Here, the victim described the abuse both to the jury and in a recorded forensic interview that was played for the jury. She included details that the forensic interviewer found inconsistent with someone who had been coached. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. [Further, t]he testimony of a single witness is generally sufficient to establish a fact."[6] Thus, in this case, the victim's testimony and taped interview were sufficient to establish the

---

[5] (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[6] (Footnote omitted.) *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000).

3

abuse.[7] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[8] Based on the record before us, this enumeration is without merit.

2. Worley next contends that he received ineffective assistance of counsel because his trial counsel failed to (a) object to evidence of a past conviction for theft as well as the guilty plea for the drug charges in this case, and (b) object to testimony about the existence of pornography in his bedroom. We find no reversible error.

Under *Strickland v. Washington*,[9] to succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance.[10] "There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of

---

[7] See *Rollins v. State*, 318 Ga. App. 311, 313 (733 SE2d 841) (2012), citing OCGA § 24-4-8.

[8] *Odett v. State*, 273 Ga. 353, 353-354 (1) (541 SE2d 29) (2001).

[9] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[10] See id. at 687-688, 694 (III) (A)-(B).

trial and under the circumstances of the case."[11] If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong.[12] In reviewing the trial court's decision, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[13]

(a) *Failure to object to prior convictions*. Prior to trial, the State indicated its intent to introduce a prior conviction for theft for the purpose of impeaching Worley if he testified. Before Worley was called to the stand, outside of the presence of the jury, the State proffered a certified copy of the conviction for a ruling by the trial court, and Worley's trial counsel did not object. The State also asked a detective, without objection, about Worley's guilty plea to the drug offenses related to the case. Worley contends that his trial counsel's failure to object was ineffective.[14]

---

[11] (Citation and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[12] See *Strickland*, supra, 466 U. S. at 697 (IV); *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

[13] (Punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

[14] See OCGA § 24-9-84.1 (2010) ("Evidence that the defendant has been convicted of a crime shall be admitted [for purposes of impeachment] if the crime was

5

At the motion for new trial hearing, Worley's trial counsel testified that he allowed the admission of the drug offenses arising from the search warrant executed in this case because he was pursuing a strategy of admitting those offenses and denying the molestation. "[A] tactical decision will not form the basis for an ineffective assistance of counsel claim unless it was so patently unreasonable that no competent attorney would have chosen it,"[15] and trial counsel's decision here was not an incompetent choice.

With respect to the theft offense, to the extent Worley's counsel could have excluded it,[16] Worley cannot now meet his burden to show prejudice because he admitted to the two drug offenses. In light of that admitted criminal behavior (which was closer in time to the indicted offenses), we conclude that there is not a reasonable probability that excluding evidence of the older theft offense would have changed the outcome of trial.

---

punishable by death or imprisonment of one year or more . . . if the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant. . . .").

[15] (Punctuation omitted.) *Brown v. State*, 288 Ga. 902, 909 (5) (708 SE2d 294) (2011).

[16] We need not decide whether its admission was actual error.

6

(b) *Failure to object to testimony about the existence of pornography in his bedroom.* Worley also contends that his trial counsel should have objected to evidence of pornography that was found in his bedroom. Worley was able to exclude admission of the actual print and video pornography, but he did not object when the State asked the victim if she had ever seen pornography in the house. The victim stated that she had seen the items in Worley's bathroom and in a drawer. An investigating officer also testified without objection that he seized pornographic material described by the victim when executing a search warrant at Worley's house.

In *Simpson v. State*, the Supreme Court of Georgia announced the following rule:

> In a prosecution for a sexual offense, evidence of sexual paraphernalia found in defendant's possession is inadmissible unless it shows defendant's lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity. Under this rule, sexually explicit material cannot be introduced merely to show a defendant's interest in sexual activity. It can only be admitted if it can be linked to the crime charged.[17]

---

[17] *Simpson v. State*, 271 Ga. 772, 774 (1) (523 SE2d 320) (1999).

Based on this, Worley argues that his trial counsel should have challenged the admissibility of the references to pornography. Nevertheless, we note that the pornography itself was not admitted because Worley's counsel successfully objected to its admission on the ground that it would only inflame the jury. Further, the initial reference to the pornography was a question to the victim as to whether she had seen material "with naked men and women on them," to which she replied affirmatively. Other references to the pornography were cumulative, and in light of the nature of the crime here, in which Worley forced the minor victim to perform sex acts on him, the victim's exposure to Worley's pornography would be of sufficient relevance that admitting it over an objection would not have been an abuse of the trial court's discretion.[18] Accordingly, Worley cannot show that his trial counsel performed deficiently.[19]

---

[18] See *Heck v. State*, 313 Ga. App. 571, 577 (2) (a) (722 SE2d 166) (2012) (concluding in a child molestation case "that the trial court did not err in finding that the nudist colony videotapes and the brochure were relevant to [the defendant's] bent of mind, nor d[id] we find any abuse of discretion in admitting this evidence at trial, with its significance to be determined by the jury"). Cf. *State v. Tyson*, 273 Ga. 690, 694 (4) (544 SE2d 444) (2001) (declining to reverse a "conviction based on the possibility that [some] evidence, a nudist camp magazine, could not be linked to the crime charged").

[19] See *Moore v. State*, 278 Ga. 397, 400 (2) (e) (603 SE2d 228) (2004) (the failure to make a meritless objection is not evidence of ineffective assistance).

3. Finally, Worley contends that the trial court erred by finding that hearsay testimony relating statements made by the victim showed indicia of reliability under *Gregg v. State.*[20] That case provided an inexhaustive list of factors for a trial court to consider when deciding whether to admit statements made by a child victim under former OCGA § 24-3-16:

> (1) the atmosphere and circumstances under which the statement was made (including the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same; and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child.[21]

Based on these factors, Worley argues that statements made by the victim to her half-sister and the forensic interviewer were inadmissible. But "[t]hese factors. . . are not

---

[20] 201 Ga. App. 238 (411 SE2d 65) (1991).

[21] Id. at 240 (3) (b).

9

to be mechanically applied but considered in a manner best calculated to facilitate the determination of the required degree of trustworthiness. Moreover, even if all factors do not indicate reliability, the trial court does not necessarily abuse its discretion in admitting the statement."[22]

Here, the first disclosure was made to another child family member, at her grandparents', outside the presence of any adults who might coach the victim. The second disclosure was made to a trained professional forensic interviewer who practiced various techniques to avoid influence and detect coaching. The victim was 11 years old at the time of the disclosures, and she did not receive any threats or promises, nor was she under the influence of drugs or alcohol. Also, the victim's statements were consistent at each disclosure and contained sensory details that the forensic interviewer found inconsistent with fabrication or coaching. And we note that the victim

> testified as a witness at trial and was subject to cross-examination, thus allowing [Worley] every opportunity to cross-examine her before the jury regarding the circumstances surrounding the videotaped interview, and giving the jury the opportunity to judge her demeanor and

---

[22] (Footnote and punctuation omitted.) *Anderson v. State*, 315 Ga. App. 679, 683 (2) (727 SE2d 504) (2012).

credibility during that examination. As this Court has explained, "[t]his circumstance provided an additional safeguard to [Worley's] right of fair trial and provided him full opportunity for confrontation.[23]

Under the facts before us, we discern no abuse of the trial court's discretion in finding sufficient indicia of reliability to admit the hearsay statements.[24] Accordingly, this enumeration is without merit.

*Judgment affirmed. Andrews, P. J. and Boggs, J., concur.*

---

[23] (Footnote and punctuation omitted.) Id. at 684 (2).

[24] See id.