**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 22, 2016**

# In the Court of Appeals of Georgia

A16A0542. ALLEN v. THE STATE.

PHIPPS, Presiding Judge.

A jury found Norman Gould Allen guilty of child molestation. He appeals his conviction, challenging the sufficiency of the evidence. For reasons that follow, we affirm.

In reviewing Allen's sufficiency challenge, we construe the evidence in the light most favorable to the jury's verdict, and Allen no longer enjoys a presumption of innocence.[1] We neither weigh the evidence nor assess witness credibility, but merely determine whether the jury was authorized to find all essential elements of the crime charged beyond a reasonable doubt.[2]

---

[1] *McGhee v. State*, 263 Ga. App. 762 (1) (589 SE2d 333) (2003).

[2] Id.

So viewed, the evidence shows that Allen's son was romantically involved with the mother of M. R., the 12-year-old victim. M. R. often spent time with Allen, whom she viewed as a grandfather figure. On the night before Thanksgiving in 2011, M. R. stayed at Allen's home to help prepare for the holiday feast. That evening, M. R. and Allen lay down on opposite sides of his bed to watch television. According to M. R., she dozed off and woke sometime later to find her shirt pulled up, her bra pulled down, and Allen "sucking on [her] breast." She pushed Allen away and asked what he was doing. Allen responded that "the spirit told him that [she] wanted that to happen." He also asked her not to tell anyone about the incident.

M. R. locked herself in another bedroom and called her mother. She did not report the abuse at that point, instead stating that she had something to tell her mother, but that she would talk to her about it the next day. The following evening, M. R. described the incident to her mother, who called the police. M. R. repeated her outcry during a police interview, which was recorded and later played for the jury.

Allen testified at trial, denying that he had touched M. R. inappropriately. He also offered other evidence challenging M. R.'s credibility. The jury, however, rejected Allen's evidence and found him guilty of child molestation. Allen appeals

this finding, asserting that the evidence he presented, as well as inconsistencies in M. R.'s testimony and her failure to immediately report the incident to her mother, raise "serious questions" about the verdict. In Allen's view, M. R. – who provided the primary evidence against him – was "inconsistent, uncorroborated, and unreasonable." He contends, therefore, that we must reverse his conviction.

We disagree. The testimony of a single witness is generally sufficient to establish a fact.[3] And "[a]s long as there is [sufficient] evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld."[4] M. R. described Allen's actions at trial and in a recorded interview that was played for the jury. This evidence authorized the jurors to find Allen guilty of child molestation.[5] Although Allen offered a contrary version of

---

[3] *Worley v. State*, 319 Ga. App. 799, 800 (1) (738 SE2d 641) (2013).

[4] Id. (punctuation omitted).

[5] See OCGA § 16-6-4 (a) (1) (a person commits child molestation when he "[d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person"). See also *Worley*, supra; *McGhee*, supra at 763 (1).

events, the jury resolved the evidentiary conflicts against him, and we will not disturb its factual determination on appeal.[6]

*Judgment affirmed. Dillard and Peterson, JJ., concur.*

---

[6]*McGhee*, supra.