# Court of Appeals
# of the State of Georgia

ATLANTA,  June 01, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1694.  FRANK BERMAN v. THE STATE.**

In 2005, Frank Berman was convicted of two counts of child molestation and one count of aggravated child molestation, for which he was sentenced to a total of 30 years with 15 to serve in confinement and 15 to serve on probation.  Berman's convictions were affirmed on appeal.  *Berman v. State*, 279 Ga. App. 867 (632 SE2d 757) (2006).  In 2013, Berman filed a motion to vacate a void sentence, which was denied by the trial court.  This Court affirmed the trial court's ruling on direct appeal, holding that Berman's sentence was within the statutory guidelines.  Case No. A13A1437 (decided October 31, 2013).  In January 2017, Berman filed a pro se motion to modify his sentence, asserting that his sentence should be modified based on a change in the law regarding mandatory minimums.[1]  The trial court denied the motion, and Berman filed this direct appeal.  We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).  Once this statutory period expires, a trial court may modify only a void sentence.  Id.  A sentence is void if the court imposes punishment that the law does not allow.  *Jones*

---

[1] Berman previously filed a motion to set aside a void judgment, which was denied by the trial court.  Berman sought direct appeal of the trial court's order and this Court dismissed his appeal.  See Case No. A14A0913 (decided February 4, 2014).  Berman also sought direct appeal from the trial court's denial of his extraordinary motion for new trial, which was also dismissed by this Court. See Case No. A16A1119 (decided August 15, 2016).

*v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  When a sentence falls within the statutory range of punishment, it is not void and is not subject to post-appeal modification beyond that provided in OCGA § 17-10-1 (f).  Id.  A direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void.  *Frazier*, 302 Ga. App. at 348.

Here, Berman filed his motion to modify his sentence more than 10 years after the trial court entered his sentence and he has not asserted his sentence is void.  Furthermore, "a crime is to be construed and punished according to the provisions of the law existing at the time of its commission."  *Fleming v. State,* 271 Ga. 587, 590 (523 SE2d 315) (1999).

Moreover, this Court previously ruled that the trial court properly sentenced Berman.  See Case No. A13A1437.  "It is axiomatic that the same issue cannot be relitigated *ad infinitum*.  The same is true of appeals of the same issue on the same grounds."  *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000); see also *Jordan v. State*, 253 Ga. App. 510, 511 (2) (559 SE2d 528) (2002).  Our ruling in the prior appeal is res judicata. See *Hook v. Bergen*, 286 Ga. App. 258,  261 (1) (649 SE2d 313) (2007).  Thus, Berman is estopped from seeking further judicial review of his sentence. See id; see also *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (law of the case rule bars successive void sentence appeals).

Accordingly, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,   06/01/2017*
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*