A89A1332. STROUD v. THE STATE.
(387 SE2d 37)

CARLEY, Chief Judge.

Appellant was tried before a jury on a two-count indictment. Count one alleged that appellant had committed the offense of statutory rape. Count Two alleged that he had committed the offense of child molestation, in that he "removed the clothing of [the female victim], a child under the age of fourteen years of age, with the intent to arouse and satisfy [his] sexual desires. . . ." The jury returned a guilty verdict as to both counts. Appellant appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. Urging a failure to prove penetration, appellant enumerates the general grounds of his statutory rape conviction. However, a review of the transcript shows that the element of penetration was sufficiently shown by the victim's testimony and that her testimony was corroborated by other evidence. The credibility of the victim and of the State's other witnesses was for the jury. We find that a rational trior of fact could have found, from the evidence adduced at trial, proof of appellant's guilt of statutory rape beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error the admission into evidence of his incriminatory in-custody statement, urging that the statement was

not freely and voluntarily given.

A review of the record shows that the trial court conducted a *Jackson v. Denno* hearing outside of the presence of the jury. The trial court's determination that appellant's statement was freely and voluntarily given is supported by a preponderance of the evidence that was presented at that hearing. Accordingly, this enumeration has no merit. See generally *Ezzard v. State*, 155 Ga. App. 594, 596 (6) (271 SE2d 728) (1980).

3. The trial court overruled appellant's chain-of-custody objection to the admission of certain physical evidence. This evidentiary ruling is enumerated as error.

"Where the State seeks to introduce evidence of a fungible nature, it must show a chain of custody adequate to preserve the identity of the evidence. [Cit.] The burden is on the State 'to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution.' [Cits.] The State need not negative every possibility of tampering, and 'need only establish reasonable assurance of the identity' of the evidence. [Cit.] '(W)hen there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to the weight.' [Cit.]" *Anderson v. State*, 247 Ga. 397, 399 (2) (276 SE2d 603) (1981). The record shows that the State met its burden of proof as to the admissibility of the evidence and that, therefore, the trial court did not err in so ruling.

4. The evidence showed that the act of removing the victim's clothing which formed the basis for appellant's conviction for child molestation immediately preceded the act of sexual intercourse which formed the basis for his conviction for statutory rape. Appellant urges that, under these circumstances, the child molestation offense merged into the statutory rape offense and that the trial court erred in sentencing him for both crimes.

Evidence of a single act of sexual intercourse with an underage female will authorize a conviction for statutory rape or for child molestation but not for both. " 'An accused may be prosecuted for both [statutory] rape and child molestation based upon the same conduct, but he may not be convicted of both. (Cits.)' [Cit.]" *Coker v. State*, 164 Ga. App. 493, 495 (3) (297 SE2d 68) (1982). In the instant case, however, the evidence which supports appellant's conviction for child molestation is not his act of sexual intercourse with the underage victim. Without regard to his subsequent acts, appellant's commission of the offense of child molestation was complete when he removed the clothing of the victim with the requisite intent. Without regard to his previous acts, appellant's commission of the offense of statutory rape was not initiated until he began to engage in sexual intercourse with the underage victim. Under the evidence, two sequential but entirely

separate crimes were committed against the same victim and a conviction and sentence for both crimes was authorized. See generally *Morris v. State*, 179 Ga. App. 228, 229 (6) (345 SE2d 686) (1986). "The general rule is that when individual acts are prohibited, each act is punished separately, no matter how close they may be in time to each other. [Cits.]" *Pryor v. State*, 238 Ga. 698, 699-700 (1) (234 SE2d 918) (1977).

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 29, 1989.

*Smith & Welch, Benjamin W. Studdard III*, for appellant.
*Tommy K. Floyd, District Attorney, Marie R. Banks, Assistant District Attorney*, for appellee.