## A01A1267. HIXON v. THE STATE.
### (553 SE2d 333)

ELDRIDGE, Judge.

A Catoosa County jury convicted Teresa Darlene Hixon as a party for aiding and abetting Tyrone Taylor Tony Huff and Leonard Allen Smith in the commission of single counts of statutory rape and child molestation, respectively, against her minor daughter, then age 13. The superior court sentenced her to concurrent fifteen-year sentences to confinement on each offense to serve five years and the remainder probated. Defendant appeals contending: (1) that the evidence was insufficient to support her convictions, and (2) that the superior court erred in failing to merge her convictions of child molestation into those for statutory rape, requiring reversal of the child molestation convictions and the sentences thereon. We disagree and affirm.

1. One may be charged and convicted for the commission of a crime whether directly or indirectly committed. *Jordan v. State*, 272 Ga. 395, 396 (530 SE2d 192) (2000).

---

Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. A person is concerned in the commission of a crime only if he [or she]: . . . (3) [i]ntentionally aids or abets in the commission of the crime; or (4) [i]ntentionally advises, encourages, hires, counsels, or procures another to commit the crime.

OCGA § 16-2-20. If one is to be a party to a crime,

[a] common criminal intent must be proven. . . . *Jones v. State*, 250 Ga. 11, 13 (295 SE2d 71) (1982). While mere presence at the scene of a crime and mere approval of the criminal act do not amount to sufficient evidence to establish that a defendant is a party to the crime [whether as an aider or abettor or otherwise] (*Brown v. State*, 250 Ga. 862 (1) (302 SE2d 347) (1983)[; *Jones v. State*, 233 Ga. App. 291, 293 (2) (503 SE2d 902) (1998) (aiding and abetting encompasses concept of helping in the commission of a crime)]), criminal intent may be inferred from a defendant's conduct before, during and after the commission of the crime. *Sands v. State*, 262 Ga. 367 (2) (418 SE2d 55) (1992). Evidence of a defendant's conduct prior to, during, and after the commission of [the] criminal act will authorize the defendant's conviction . . . if a jury could infer from the conduct that the defendant intentionally encouraged the commission of the criminal act. *Simpson v. State*, 265 Ga. 665 (461 SE2d 210) (1995). See also *Burks v. State*, 268 Ga. 504 (491 SE2d 368) (1997).

*Jordan v. State*, supra. That the underlying offenses were committed in the summer and early fall of 1997 as alleged is undisputed. Viewed in the light most favorable to supporting the jury's verdict, *Murray v. State*, 239 Ga. App. 659 (522 SE2d 48) (1999), the evidence otherwise shows that beyond encouraging or helping her daughter in the acts in issue as to Huff, the defendant twice ordered her daughter to have intercourse with him.[1] Moreover, upon being given use immunity, Huff testified that the defendant, in effect, authorized him to have sex with the victim daughter, telling him, "I don't care if [you

---

[1] On one occasion, the defendant obtained a county pregnancy test for her daughter when she expressed concern that she was pregnant by Huff. After learning that the result was negative and returning home, the defendant told her daughter that "[Huff] was in there in the bed and she should go in and try again." On another occasion, the daughter having told the defendant that "[Huff] made her bleed," the defendant told her, "[C]lean yourself up and go back in."

do]." That being so, there was sufficient evidence to authorize a rational trier of fact to find the defendant guilty of statutory rape and child molestation beyond a reasonable doubt as to Huff. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jordan v. State*, supra; see also *White v. State*, 257 Ga. 236 (356 SE2d 875) (1987) (proof of principal's guilt a necessary element in crime of one charged as aider, abettor, counselor, helper in commission of crime).

There is also evidence that the victim expressed concern to the defendant that she was pregnant by Smith. While it is not clear in the record that the defendant had earlier been aware that her daughter was involved in a sexual relationship with Smith, the record reflects that the defendant responded to her daughter's concern by saying only that she would check into getting her birth control pills. When the victim later attempted to end her relationship with Smith, the couple fought in the presence of the defendant. Following the fight, the defendant "whipped [the victim] with a hickory for getting into the fight with [Smith]." The defendant thereafter allowed Smith to continue living in her home. Because the victim feared Smith, the victim witness coordinator of the county district attorney's office, in coordination with the Department of Family & Children Services, arranged to have the victim live with her grandmother. After a day or two, the victim returned home where Smith, unimpeded by the defendant as a resident parent, continued to have occasional sexual intercourse with the victim. Under these circumstances, the jury could have inferred that the defendant intentionally offered her daughter "encouragement" in a continuing sexual relationship with Smith. *Simpson v. State*, supra. Consequently, there likewise was sufficient evidence to authorize a rational trier of fact to find the defendant guilty of statutory rape and child molestation beyond a reasonable doubt as to Smith. *Jackson v. Virginia*, supra; *Jordan v. State*, supra; *White v. State*, supra.

2. The defendant incorrectly argues that the instances of child molestation here merged with those of statutory rape. While it is well settled that " '[a]n accused may be prosecuted for both rape and child molestation based upon the same misconduct, but . . . may not be convicted of both[,]' " *Coker v. State*, 164 Ga. App. 493, 495 (3) (297 SE2d 68) (1982), citing *Lamar v. State*, 243 Ga. 401, 403 (3) (254 SE2d 353) (1979), merger does not lie as to separate offenses. *Stroud v. State*, 193 Ga. App. 82, 83 (4) (387 SE2d 37) (1989). The record shows that Huff and Smith had sexual intercourse with the underage victim on multiple occasions; however, the defendant was convicted and sentenced as a party upon one count of statutory rape involving each man. To the extent that Huff and Smith had sexual intercourse with the victim more than once, each committed acts of child molestation by touching the victim's vagina with their penises in acts of

sexual intercourse entirely separate from that underlying defendant's convictions for statutory rape. It follows that conviction and sentence for both crimes were authorized.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED AUGUST 1, 2001.

*Brian M. House*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Leonard C. Gregor, Jr., Assistant District Attorney*, for appellee.