## A03A2124. DORSEY v. THE STATE.
(593 SE2d 945)

MIKELL, Judge.

William Dorsey, Jr., was charged with burglary, child molestation, aggravated child molestation, rape, kidnapping, false imprisonment, pimping, theft by taking, and statutory rape following an incident involving a 13-year-old girl, T. H. The jury convicted Dorsey of child molestation, aggravated child molestation, and statutory rape. Dorsey was sentenced to 20 years for child molestation and 20 years to serve concurrently on each of the aggravated child molestation and statutory rape convictions. Dorsey appeals, contending that the evidence was insufficient to support his convictions and that the trial court erred in failing to merge his conviction of child molestation into his conviction for statutory rape.[1]

Viewed in the light most favorable to the jury's verdict, the evidence shows that in June 2002, T. H. ran away from home with a 30-year-old acquaintance, Jason Mobuary. The two checked into a room at the Western Inn Suites in Forest Park. On June 19, 2002, Dorsey knocked on the hotel room door. When T. H. opened the door, Dorsey pushed his way into the room, pushed T. H. onto the bed, put his hand over her mouth, removed her clothes, and forced her to have sexual intercourse with him and to perform oral sex on him.[2]

T. H. occupied the hotel room with Dorsey until July 5, 2002. She did not leave the room unless accompanied by him because he threatened to kill her, and she was never left alone in the room. When T. H. left the hotel room on July 5, 2002, she was seen by a family friend who called police and took her to the police station, where T. H. told Detectives Purvis and Henry about Dorsey's actions and selected Dorsey out of a photographic lineup.

At trial, Dorsey denied ever touching T. H. Dorsey's girlfriend,

---

[1] This appeal was docketed on June 12, 2003. Dorsey filed his brief and enumeration of errors on July 2, 2003. The State did not file a response brief until October 16, 2003. Pursuant to Court of Appeals Rule 26 (b), the State's failure to timely file a response brief has resulted in its nonconsideration. See also Court of Appeals Rule 13.

[2] T. H. testified that she was alone in the hotel room at the time she was attacked. According to T. H., Mobuary was arrested and jailed shortly after checking into the hotel.

Colette Palmer, testified that she and Dorsey stayed at the Western Inn Suites for two months until they checked out on June 11, 2002. Palmer further testified that Dorsey dropped her off at work every day at 8:00 a.m., met her for lunch at 12:00 p.m., and then returned to pick her up at 5:00 p.m. According to Palmer, on July 4, 2002, she and Dorsey spent the entire day together hosting a barbecue at their apartment.

1. Dorsey argues that the evidence was insufficient to support his convictions. In support thereof, Dorsey contends that he had an alibi. The indictment alleges that the offenses for which Dorsey was convicted occurred on June 19, 2002, and T. H. testified that the offenses occurred on June 19, 2002. Palmer, however, testified that she and Dorsey were no longer living at the Western Inn Suites on June 19, 2002, and that she was with Dorsey every day. The manager of the Western Inn Suites further testified that T. H. and Mobuary did not check into the hotel until June 20, 2002.

It is well settled that "[w]itness credibility is to be determined by the jury." (Citations and punctuation omitted.) *Holmes v. State*, 273 Ga. 644, 645 (1) (543 SE2d 688) (2001). "Conflicts in the testimony of the witnesses . . . are a matter of credibility for the jury to resolve. So long as there is some competent evidence, even though contradicted, to support each element of the [s]tate's case, the jury's verdict will be upheld." *Ringo v. State*, 236 Ga. App. 38, 39 (510 SE2d 893) (1999). Further, "the evidence of the victim alone [is] sufficient to authorize the jury to find [Dorsey] guilty of . . . [statutory rape,] aggravated child molestation and child molestation. No requirement exists that this testimony be corroborated." (Punctuation omitted.) *Spradlin v. State*, 262 Ga. App. 897, 898 (1) (587 SE2d 155) (2003), citing *Ferrell v. State*, 256 Ga. App. 692, 694 (1) (569 SE2d 899) (2002). Additionally,

[t]he general rule is that when the exact date of the commission of the crime is not a material allegation of the indictment, the commission of the offense may be proved to have occurred at any time within the statute of limitations. There is an exception to this rule where the variance between the allegata and the probata surprises and prejudices the defendant by effectively barring an alibi defense. . . .

(Citations and punctuation omitted.) *Pickstock v. State*, 235 Ga. App. 451 (1) (509 SE2d 717) (1998), citing *Edgehill v. State*, 253 Ga. 343, 345 (3) (320 SE2d 176) (1984). See also *Lovelace v. State*, 241 Ga. App. 774, 775 (1) (527 SE2d 878) (2000).

Even though there was a discrepancy between the date alleged in the indictment and the testimony at trial, the exception does not

apply here. Palmer's testimony that she and Dorsey were living together in an apartment on June 19, 2002, and that Dorsey drove her to and from work and met her for lunch every day does not prove that Dorsey could not have committed the crimes for which he was convicted. Moreover, the jury was not required to believe the testimony of Dorsey's alibi witnesses. T. H.'s testimony alone was sufficient to authorize the jury to find Dorsey guilty of statutory rape, aggravated child molestation, and child molestation.

2. Dorsey argues that the trial court erred in failing to merge the child molestation conviction with the statutory rape conviction. We agree.

"Under Georgia law, offenses merge and multiple punishment is prohibited if one offense is included in the other as a matter of law or fact." (Punctuation omitted.) *Green v. State*, 240 Ga. App. 377, 381 (9) (523 SE2d 581) (1999), citing *Wells v. State*, 222 Ga. App. 587, 588 (3) (474 SE2d 764) (1996). See OCGA §§ 16-1-6; 16-1-7 (a) (1). A defendant "may be prosecuted for both [statutory] rape and child molestation based upon the same conduct, but he may not be convicted of both." (Punctuation omitted.) *Coker v. State*, 164 Ga. App. 493, 495 (3) (297 SE2d 68) (1982), citing *Lamar v. State*, 243 Ga. 401, 403 (3) (254 SE2d 353) (1979). See *Andrews v. State*, 200 Ga. App. 47 (1) (406 SE2d 801) (1991) (evidence of single act of sexual intercourse did not authorize conviction and sentence for both aggravated child molestation and statutory rape). But see *Hixon v. State*, 251 Ga. App. 27, 29 (2) (553 SE2d 333) (2001) (rejecting the defendant's contention that her conviction for child molestation merged with her conviction for statutory rape because "merger does not lie as to separate offenses") (citation omitted).

Here, T. H. testified to one act of sexual intercourse and the indictment charged Dorsey for both child molestation and statutory rape based upon that single act.[3] The conviction for child molestation merged into the conviction for statutory rape. Accordingly, Dorsey's conviction and sentence for child molestation (Count 2) are vacated. The convictions and sentences for aggravated child molestation (Count 3) and statutory rape (Count 9) are affirmed.

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 3, 2004.

*Patricia F. Angeli*, for appellant.

---

[3] Count 3 of the indictment charged Dorsey with aggravated child molestation by forcing T. H. to perform oral sex.

*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.