[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 18, 2009
THOMAS K. KAHN
CLERK

No. 08-13700
Non-Argument Calendar

_____

D. C. Docket No. 07-00683-CV-CAP-1

WILLIAM DORSEY, JR.,

Petitioner-Appellant,

versus

FRED BURNETTE,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 18, 2009)**

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

William Dorsey, a Georgia state prisoner proceeding pro se, appeals the denial of his petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. For the reasons set forth below, we affirm.

## I. BACKGROUND

*Before the state courts*[1]

Dorsey was charged with burglary, child molestation, aggravated child molestation, rape, kidnaping, false imprisonment, pimping, theft by taking, and statutory rape based on alleged acts with a 13-year-old girl, "T.H." At a jury trial, the state presented the following evidence:

> [I]n June 2002, T.H. ran away from home with a 30-year-old acquaintance, Jason Mobuary. The two checked into a room at the Western Inn Suites in Forest Park. [Shortly thereafter, Mobuary was arrested and jailed, and T.H. remained in the hotel room alone.] On June 19, 2002, Dorsey knocked on the hotel room door. When T.H. opened the door, Dorsey pushed his way into the room, pushed T.H. onto the bed, put his hand over her mouth, removed her clothes, and forced her to have sexual intercourse with him and to perform oral sex on him.

---

[1] The trial and direct-appeal facts recounted below come from the state court of appeals' opinion affirming Dorsey's relevant convictions. Neither party submitted on appeal a record of the state criminal proceedings, but relied instead on the facts recounted in the state court of appeals' opinion. Because Dorsey relies on these facts and, therefore, has not met his burden to rebut their presumptive correctness, we also will rely on these facts. See 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.") The post-conviction facts recounted below are gleaned from exhibits submitted by the state.

T.H. occupied the hotel room with Dorsey until July 5, 2002. She did not leave the room unless accompanied by him because he threatened to kill her, and she was never left alone in the room. When T.H. left the hotel room on July 5, 2002, she was seen by a family friend who called police and took her to the police station, where T.H. told Detectives Purvis and Henry about Dorsey's actions and selected Dorsey out of a photographic lineup.

[In response to this evidence], Dorsey denied ever touching T.H. Dorsey's girlfriend, Colette Palmer, testified that she and Dorsey stayed at the Western Inn Suites for two months until they checked out on June 11, 2002. Palmer further testified that Dorsey dropped her off at work every day at 8:00 a.m., met her for lunch at 12:00 p.m., and then returned to pick her up at 5:00 p.m. According to Palmer, on July 4, 2002, she and Dorsey spent the entire day together hosting a barbecue at their apartment.

Dorsey v. State, 593 S.E.2d 945, 946-47 (Ga. Ct. App. 2004).

Based on this evidence, the jury convicted Dorsey of child molestation, aggravated child molestation, and statutory rape. Id. The state trial court sentenced Dorsey to 20 years' imprisonment for each of his convictions, with the terms imposed for the child molestation and aggravated child molestation convictions to be served concurrently. Id.

Dorsey appealed his convictions and sentences, arguing that "the evidence was insufficient to support his convictions and that the trial court erred in failing to merge his conviction of child molestation into his conviction for statutory rape." Id. The state court of appeals affirmed as to the sufficiency argument, noting that T.H.'s testimony supported his convictions, and accepted the merger argument,

3

noting that T.H. testified to one act of sexual intercourse, which formed the basis for the statutory rape and child molestation charges, and one act of oral sex, which formed the basis for the aggravated child molestation charge. Id. at 947-48. The state appellate court vacated Dorsey's conviction and sentence for child molestation. Id. at 947.

Dorsey filed a pro se state habeas petition, arguing, inter alia, that the evidence was insufficient to support his convictions because T.H. testified that the alleged sexual conduct involved "force" and, under Georgia state law, statutory rape and aggravated child molestation applied to consensual acts only. The state habeas court denied the petition, reasoning that the state appellate court previously held that Dorsey's convictions were supported by sufficient evidence. Dorsey filed an application for a Certificate of Probable Cause to appeal the state habeas court's denial to the state supreme court, which the state supreme court denied.

***Before the district court***

Dorsey filed the instant pro se § 2254 petition, arguing, inter alia, that the evidence was insufficient to support his convictions because (1) T.H.'s testimony was not credible and (2) T.H. testified that the alleged sexual conduct involved "force" and, under Georgia state law, statutory rape and aggravated child molestation applied to consensual acts only. The state responded that the state

4

appellate court previously held that Dorsey's convictions were supported by sufficient evidence. A magistrate judge recommended denying Dorsey's § 2254 petition, reasoning that (1) the state court of appeals correctly determined that T.H.'s testimony, when coupled with her prior consistent statements to police officers, was sufficient to support Dorsey's convictions and (2) elements of force, consent, and resistance were irrelevant to determining guilt of statutory rape. The district court adopted and affirmed without opinion the magistrate judge's report and recommendation. Dorsey filed a motion for reconsideration, which the district court denied.

Dorsey filed a motion for a certificate of appealability ("COA"), which the district court denied. This Court ultimately granted a COA on the limited issue of "Whether, in light of the jury's verdict on the charge of forcible rape, there was sufficient evidence to convict appellant of statutory rape and aggravated child molestation." In granting the COA, this Court explained that:

> [V]iewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the evidence established that the appellant committed the offenses of statutory rape and aggravated child molestation. . . . However, the only evidence supporting these changes was the victim's testimony that the appellant forcibly raped and sodomized her. Because the jury acquitted appellant on the forcible rape charge, it apparently found that any sexual contact between appellant and the victim was consensual. No evidence was presented at trial to support such a finding.

5

## II. DISCUSSION

### *Whether the issues presented on appeal are properly before us*

The state argues on appeal that it is not clear whether the district court ever considered the certified issue. Indeed, the COA broadly concerns whether the evidence was sufficient to support Dorsey's convictions for statutory rape and aggravated child molestation. However, given the reasoning included with the certified issue, it appears that it actually concerns whether the jury, in rejecting T.H.'s testimony that Dorsey forcibly raped her, necessarily rejected her entire testimony, such that there remained no other evidence on which to base the statutory-rape and aggravated-child-molestation convictions. While Dorsey addressed the broad issue, he never raised this more-narrow issue before the state courts or the district court.

Regarding state court exhaustion, 28 U.S.C. § 2254(b) and (c) generally requires that a defendant exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. However, pursuant to 28 U.S.C. § 2254(b)(2), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Likewise, the Supreme Court has held that failure to exhaust state remedies does not deprive

6

an appellate court of jurisdiction to consider the merits of a habeas issue.

Granberry v. Greer, 481 U.S. 129, 131, 107 S.Ct. 1671, 1673-74, 95 L.Ed.2d 119 (1987). The Supreme Court held that, rather, the appellate court should determine whether the interests of comity and federalism will be better served by addressing the merits of the issue or requiring additional state and district court proceedings. Id. at 133-34, 107 S.Ct. at 1674-75. The Supreme Court specifically suggested that a lack of merit might be a reason to consider an un-exhausted issue. See id. at 133, 107 S.Ct. at 1674. Regarding presentation to the district court, we have discretion to address issues erroneously included in a COA. See Thomas v. Crosby, 371 F.3d 782, 784 (11th Cir.2004) (holding that an erroneously issued COA does not deprive us of appellate jurisdiction); Putman v. Head, 268 F.3d 1223, 1228 (11th Cir. 2001) (holding that, given an erroneous COA, we may retain jurisdiction and rule on any issues raised by the petitioner that it deems worthy of a COA).

Although the certified issue was not exhausted or presented to the district court, it was addressed by Dorsey pro se on appeal and lacks merit, as discussed below, such that requiring further proceedings by the state courts and district court would waste judicial resources. Accordingly, we will exercise our discretion to address whether the jury necessarily rejected all of T.H.'s testimony, such that

7

there was insufficient evidence to convict Dorsey of statutory rape and child molestation.  See Granberry, 481 U.S. at 131, 107 S.Ct. at 1673-741; Thomas, 371 F.3d 784; Putman, 268 F.3d at 1228.

On a related note, it is not clear whether Dorsey has limited his appellate arguments to the certified issue.  Generally, our scope of review is limited to the issues specified in the COA.  Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).  On appeal, Dorsey touches upon the more-narrow COA issue described above.  However, Dorsey also continues to argue that the evidence was insufficient to support his convictions because T.H. testified that the alleged sexual conduct involved "force" and, under Georgia state law, statutory rape and aggravated child molestation applied to consensual acts only.  The latter argument appears outside the scope of the more-narrow issue.  See id.   However, it appears within the broad issue of whether sufficient evidence supported Dorsey's convictions.  Accordingly, because the COA is broad and Dorsey is a pro se petitioner, we also will address whether the state court had to prove that T.H. consented to the sexual conduct and oral sex.

***Whether the evidence was sufficient to support Dorsey's convictions***

We review de novo questions of law and mixed questions of law and fact.

<u>Nyland v. Moore</u>, 216 F.3d 1264, 1266 (11th Cir. 2000).[2]  Pursuant to § 2254,

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).

Under this standard, a state court decision is "contrary to" clearly established federal law "if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." <u>Putman</u>, 268 F.3d at 1241.  A state court conducts an "unreasonable application" of clearly established federal law "if it identifies the

---

[2] In the event that we decide to review the merits of an issue that was not exhausted before the state courts, we review the case <u>de novo</u>, analyzing whether the Supreme Court has prohibited the complained-of action.  <u>See</u> <u>Thompson v. Sec'y for Dep't of Corr.</u>, 517 F.3d 1279, 1283-84 (11th Cir.), <u>petition for cert. filed</u> (U.S. Sept. 26, 2008) (No. 08-7369) (reviewing the merits of the petitioner's unexhausted claim that his prolonged confinement on death row violated his constitutional rights and affirming the denial of the petition "given the total absence of Supreme Court precedent that a prolonged stay on death row violates the Eighth Amendment guarantee against cruel and unusual punishment").

correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or if it "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id. "[A]n 'unreasonable application' is an 'objectively unreasonable' application." Id. Indeed, the question is not whether the state "correctly" decided the issue, but whether its determination was "reasonable," even if incorrect. See Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002).

The Supreme Court has held, in the context of a state prisoner's challenge of the sufficiency of the evidence, that the "critical inquiry" is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979), overruled on other grounds by Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The Supreme Court also held that this standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Id. at 324 n.16, 99 S.Ct. at 2792 n.16.

Pursuant to Georgia state law, a person commits statutory rape "when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on

10

the unsupported testimony of the victim." O.C.G.A. § 16-6-3(a).  A person commits aggravated child molestation "when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[,]" and the "act physically injures the child or involves an act of sodomy." O.C.G.A. § 16-6-4(a), (c).  A person commits sodomy when he or she "performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another."  O.C.G.A. § 16-6-2.

In Strickland v. State, 61 S.E.2d 118, 120 (Ga. 1950), the Georgia Supreme Court held that the precursor to the modern statutory-rape statute "was intended to apply only to cases where the act of intercourse was accomplished with the actual consent or acquiescence of the female, and is to be treated as rape merely because the female is under the age of consent as therein specified."  61 S.E.2d at 120.  The Georgia Supreme Court since has held, however, that "considerations of 'consent' and 'force' and 'against her will' are irrelevant in a statutory rape case."  Hill v. State, 271 S.E.2d 802, 807 (Ga. 1980).  Indeed, a Georgia appellate court has affirmed a statutory-rape conviction based, in part, on evidence that a "nurse's examination showed [that] the victim [ in question] exhibited physical signs consistent with recent forced vaginal intercourse."  Northern v. State, 645 S.E.2d

11

701, 704 (Ga. Ct. App. 2007) (emphasis added). Likewise, a Georgia appellate court has affirmed an aggravated-child-molestation conviction based, in part, on the "[t]estimony of [an] 11-year old victim that [the] defendant had fondled and performed oral sex on him, and <u>forced</u> the victim to reciprocate in performing oral sex on defendant." <u>Spradlin v. State</u>, 587 S.E.2d 155, 158 (Ga. App. Ct. 2003) (emphasis added). Finally, pursuant to Georgia law, "the jury [is free to] believe a part of a witness's testimony and discredit other parts." <u>Moore v. State</u>, 661 S.E.2d 868, 869-70 (Ga. Ct. App. 2008).

Based on the applicable statutes, in order to convict Dorsey of statutory rape of T.H., the state had to prove that Dorsey and T.H. had sexual intercourse and that T.H. was less than 16 years old and not married to Dorsey. <u>See</u> O.C.G.A. § 16-6-3(a). In order to convict Dorsey of aggravated child molestation, the state had to prove that Dorsey received oral sex from T.H. and that T.H. was less than 16 years old. <u>See</u> O.C.G.A. §§ 16-6-2, 16-6-4(a), (c). Dorsey does not dispute that T.H. was less than 16 years old and not married to him. Rather, Dorsey first disputes whether, in light of the jury's rejection of T.H.'s testimony that she was forcibly raped, there was no other evidence that he had sexual intercourse with T.H. Dorsey, however, can identify no case in which the Supreme Court has held that a jury's rejection of an element of a witness's testimony constitutes a rejection of

12

other elements of the witness's testimony.  Indeed, it appears that the jury was free to reject that portion of T.H.'s testimony that spoke to "force" being used and nonetheless accept that portion of T.H.'s testimony that spoke to she and Dorsey having sexual intercourse and she performing oral sex on Dorsey.

Dorsey also disputes whether the state had to prove that T.H. consented to the sexual conduct and oral sex.  The state habeas court's rejection of Dorsey's sufficiency argument was not contrary to clearly established federal law.  See Putman, 268 F.3d at 1241.  The Supreme Court has held that sufficiency arguments rely on the state law definition of the elements of a crime, and Georgia state law does not require that a state prove consent to convict a defendant of statutory rape or aggravated child molestation.  See Jackson, 443 U.S. at 318-19, 99 S.Ct. at 2788-89; Northern, 645 S.E.2d at 704; Spradlin, 587 S.E.2d at 158.  Accordingly, because each of Dorsey's arguments are without merit, we affirm.

**AFFIRMED.**