### A10A0059. WILDER v. THE STATE.
(698 SE2d 374)

SMITH, Presiding Judge.

James Glenn Wilder was convicted on two counts each of child molestation and sexual exploitation of children, and one count each of aggravated child molestation and statutory rape. He was sentenced as a recidivist to two consecutive life sentences plus sixty years. Following the denial of his motion for new trial, Wilder appeals, arguing that the trial court erred in denying his motion to suppress, improperly sentencing him as a recidivist, failing to merge two counts of the indictment, failing to grant his motion for a directed verdict, and imposing a cruel and unusual sentence. Wilder also contends that the indictment was defective and that trial counsel was ineffective. Having reviewed these claims, we affirm the judgment, but nevertheless remand this case for resentencing in light of the trial court's error in sentencing Wilder as a recidivist.

Construed in favor of the verdict, the evidence showed that Wilder had sexual intercourse with a 15-year-old girl on several occasions in 2003 and 2004. Wilder took nude pictures of the victim, and also took pictures and recorded videotape of himself and the victim engaging in sex acts. The victim testified at trial to these events and also stated that she told Wilder that she was 15 years old. A witness testified that she told Wilder that the victim was 15 years old and that Wilder told her he was having a sexual relationship with the victim.

1. Wilder first claims that the trial court erred in denying his motion to suppress.

> When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. The trial court's findings based upon conflicting evidence are analogous to a jury verdict, and the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment and must not disturb the trial court's ruling if there is any evidence to support it.

(Citations, punctuation and footnotes omitted.) *Lane v. State*, 287

Ga. App. 503 (651 SE2d 798) (2007).

So construed, the evidence presented during the hearing on the motion to suppress revealed that an investigating officer received information from the victim and another woman, April Quick, that Wilder had a briefcase containing videotapes of the victim and Wilder engaging in sex acts, and that the briefcase was at the home of Wilder's friend, Judy Malin. Malin testified that Wilder had been at her home with the victim on one occasion and that, on another occasion, Wilder left a locked briefcase at her home and told her he would "pick it back up later." Malin stated further the briefcase was at her home for several months before she was contacted by the officer who asked that she turn it over to him. She explained that she was reluctant, confused, and frightened, but that she "felt like [she] was cooperating with whatever needed to be done" and that she wanted the briefcase "out of my house."[1]

The officer requested that Quick retrieve the briefcase from Malin's home and bring it to him. Quick testified that when she gave him the briefcase, the officer gave her $20 "for my gas because I had no gas." Once the officer had possession of the briefcase, he obtained a search warrant to search its contents. Inside the briefcase officers found DVDs containing explicit images of the victim, videotapes containing images of Wilder and the victim engaging in sexual intercourse, and copies of portions of the Georgia Code (downloaded while the victim was 15 years old) defining sodomy, statutory rape, and child molestation with the text "under the age of 16 years" highlighted.

Wilder argues that he had an expectation of privacy in the locked briefcase, that Malin did not have common or apparent authority to consent to a warrantless search of the briefcase, and that the investigator could not avoid a Fourth Amendment challenge to the seizure of the briefcase by asking a private citizen to act on his behalf.

"Personal belongings brought by their owner on a visit to a friend's house retain their constitutional protection until their owner meaningfully abdicates control or responsibility." (Citation and punctuation omitted.) *State v. Gay*, 269 Ga. App. 331, 333 (604 SE2d 572) (2004). And a briefcase is "traditionally a repository for items of a private nature" in which the owner has a reasonable expectation of privacy. (Citations omitted.) *Robinson v. State*, 226 Ga. App. 406, 408 (2) (486 SE2d 667) (1997). Wilder therefore had a

---

[1] Malin also testified that the investigator told her she "could be held liable for the briefcase," but the investigator stated that he never threatened Malin with possible charges. The trial court made no finding on the record regarding this conflict in the evidence.

reasonable expectation of privacy in his locked briefcase, and it is uncontradicted that he did not abdicate control or responsibility of the briefcase, specifically requesting Malin not to give it to anyone and informing her that he would return for it "later."

Having determined that the briefcase retained its constitutional protection, we analyze whether the search of the briefcase meets the requirements of the Fourth Amendment. It is well established that

> the State cannot avoid a Fourth Amendment challenge to a search and seizure by asking a private citizen to act on its behalf and seek out evidence. Such a search would be conducted in concert with law enforcement authorities, thus triggering the safeguards of the Fourth Amendment. The test is whether the private individual, in light of all the circumstances of the case, must be regarded as having acted as an "instrument" or agent of the government when he produced the evidence.

(Citations and punctuation omitted.) *Johnson v. State*, 231 Ga. App. 823, 825 (3) (499 SE2d 145) (1998). Here, the investigator contacted Malin, inquired about the briefcase, and requested that she turn it over to police. The officer also requested Quick to retrieve the briefcase from Malin and to bring it to him, and he paid Quick the cost of her gas expense for doing so. Under these circumstances, it is clear that officers first came into possession of the briefcase by requesting and directing the participation of private citizens. See id. at 826 (3); compare *Hobbs v. State*, 272 Ga. App. 148, 149-150 (1) (611 SE2d 775) (2005) (no Fourth Amendment violation where health club employees independently discovered suspicious pills and liquid in lockers and brought it to investigators to determine if illegal drugs).

But although law enforcement used private citizens to obtain possession of the briefcase, we find no error. "The independent source doctrine allows admission of evidence that was discovered by means wholly independent of any constitutional violation." (Citation omitted.) *Teal v. State*, 282 Ga. 319, 323-324 (2) (647 SE2d 15) (2007). The investigating officer became aware of the existence of the briefcase and its contents based upon the statements of the victim and Quick, and he was able to obtain a search warrant for the contents of the briefcase based upon this information. Because the contents of the briefcase were seized pursuant to a valid search warrant based upon information wholly independent from law enforcement's illegal use of Malin and Quick to obtain the briefcase, it meets the criteria for admissibility under the independent source doctrine. See id. at 325 (2), n. 3; see also *Watson v. State*, 302 Ga. App. 619, 625 (1) (691 SE2d 378) (2010) (although discovery of victim

hiding in defendant's closet during illegal search was inadmissible, her statements to police subsequent to search rendered discovery admissible under independent source doctrine).

2. Wilder alleges that the indictment was defective because it alleged "a broad range of dates extending past the victims sixteenth birthday." The first four counts of the indictment allege offenses that require as an essential element that the victim be under the age of 16. These counts allege that the offenses (child molestation and statutory rape) occurred between July 1, 2003 and August 16, 2004. The victim turned 16 on April 12, 2004.

"An accusation or indictment is not subject to a general demurrer unless there is a defect so extreme that the defendant can admit the charge as made and still be innocent." (Citation and punctuation omitted.) *Grizzard v. State*, 258 Ga. App. 124-125 (1) (572 SE2d 760) (2002), overruled on other grounds, *Tompkins v. State*, 265 Ga. App. 760, 765 (2) (b) (595 SE2d 599) (2004), reversed in part on other grounds, *Tompkins v. State*, 278 Ga. 857, 858 (2) (607 SE2d 891) (2005). Just as in *Grizzard*, Wilder "could not admit the charges and still be innocent as a matter of law." *Grizzard*, supra, 258 Ga. App. at 125 (1). The indictment alleges that Wilder committed the crimes when the victim was under the age of 16 even though the exact dates were not known. Id. And the victim testified that she had sexual intercourse with Wilder in 2003 and 2004. The indictment was therefore not subject to a general demurrer. Id.

3. Wilder contends that trial counsel was ineffective for failing to object to the form of the indictment on the ground that it alleged dates extending past the victim's sixteenth birthday. But as we have held in Division 2 that the indictment was not subject to a general demurrer, counsel's failure to make a meritless motion cannot be the basis of an ineffectiveness of counsel claim. See *Owens v. State*, 271 Ga. App. 365, 370 (5) (609 SE2d 670) (2005); see also *Berman v. State*, 279 Ga. App. 867, 872 (6) (632 SE2d 757) (2006) (defendant did not establish that special demurrer would have been successful).

4. Wilder contends that the trial court erred in refusing to merge a child molestation count (Count 2) with a statutory rape count (Count 4). He argues that because both counts allege that he had sexual intercourse with the victim, they must merge.

Wilder is correct that "[u]nder Georgia law, offenses merge and multiple punishment is prohibited if one offense is included in the other as a matter of law or fact." (Citations and punctuation omitted.) *Dorsey v. State*, 265 Ga. App. 404, 406 (2) (593 SE2d 945) (2004) (allegation of a single act on one specific date). And "[a] defendant may be prosecuted for both statutory rape and child molestation based upon the same conduct, but he may not be convicted of both." (Citations and punctuation omitted.) Id.

Here, the evidence showed that Wilder had sexual intercourse with the victim on multiple occasions. "[B]ecause the victim reported at least two separate acts of sexual intercourse, it cannot be said that the convictions were based on the same conduct." (Citations and punctuation omitted.) *James v. State*, 268 Ga. App. 851, 854 (2) (602 SE2d 854) (2004). A conviction and sentence may therefore be authorized on both the child molestation charge in Count 2 and the statutory rape charge in Count 4. See *Hixon v. State*, 251 Ga. App. 27, 29-30 (2) (553 SE2d 333) (2001) (conviction and sentence for both statutory rape and child molestation authorized where men had sexual intercourse with underage victim on multiple occasions).

5. Wilder contends that the trial court erred in failing to grant his motion for directed verdict based upon the State's failure to prove venue. He argues only that the evidence was conflicting as to whether the videotapes were made in Wilkes County or in Lincoln County where he was charged.

Wilder argues that a witness's testimony establishes that the videos were made in Wilkes County. The witness testified that Wilder lived with her in Wilkes County while he was "dating" the victim and that Wilder borrowed her video camera. The witness stated further that she did not know if Wilder took the video camera to Lincoln County. This testimony does not establish that the videotapes were made in Wilkes County as opposed to Lincoln County. The victim testified that "maybe one" of the videotapes was made in Wilkes County, but "the rest of them were made in Lincoln County," at a specific location. The evidence presented here was sufficient to prove venue in Lincoln County beyond a reasonable doubt. *Flanders v. State*, 285 Ga. App. 805, 806 (2) (648 SE2d 97) (2007).

6. Wilder contends that the trial court erred by sentencing him as a recidivist because the conviction used was not final. We agree. The record reveals that the State gave notice of its intention to seek recidivist punishment pursuant to OCGA §§ 17-10-7 (b) (2), 16-6-4 (b) (1), and 17-10-7 (a), based upon a jury previously finding Wilder guilty of two counts of child molestation, two counts of aggravated child molestation, and two counts of aggravated sexual battery in Paulding County. The trial court sentenced Wilder on all counts pursuant to the State's notice.

"[A] prior conviction must be final before it can be considered for purposes of imposing recidivist sentencing." (Citation omitted.) *Land v. State*, 291 Ga. App. 617 (662 SE2d 368) (2008). A conviction is final "when the defendant has been adjudicated guilty and has been sentenced, and no appeal on the prior charges remains pending." (Citation and punctuation omitted.) Id.; *Allen v. State*, 286 Ga. 273, 275 (2) (687 SE2d 417) (2009); see also *Croker v. Smith*, 225 Ga.

529, 532 (4) (169 SE2d 787) (1969). The record reveals that when Wilder was sentenced on April 18, 2007, a motion for new trial was pending in the Paulding County case. Because Wilder's conviction in that case was not final, it could not be used as a basis for recidivist sentencing in this case. See *Croker*, supra; *Allen*, supra, 286 Ga. at 275 (2); *Covington v. State*, 226 Ga. App. 484, 485 (3) (486 SE2d 706) (1997).

The State argues, and the trial court found, that Wilder purposefully delayed finalization of his Paulding County conviction and therefore forfeited his right to complain of his sentence.[2] But the requirement that a previous conviction be final before being considered for enhanced punishment is a bright-line rule. We find no authority for taking exception to that rule and decline to create an exception here. As discussed in *Croker*, supra, if a defendant's conviction is reversed and he is not retried, he was never convicted. 225 Ga. at 532 (4). We must therefore vacate Wilder's sentence and remand this case for resentencing.

7. Wilder argues that his sentence was cruel and unusual because it was grossly disproportionate to the severity of the crime. But his enumeration is moot in light of our holding in Division 6 remanding this case for resentencing.

*Judgment affirmed and case remanded for resentencing. Mikell and Adams, JJ., concur.*

DECIDED JULY 8, 2010 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Michael O. Horgan*, for appellant.

*Dennis C. Sanders, District Attorney, Rindi L. Harbeson, Kevin R. Majeska, Durwood R. Davis, Assistant District Attorneys*, for appellee.

---

[2] The record shows that Wilder requested trial counsel to "stop any progress on the Paulding County case as far as pursuing the motion for new trial," in case of an acquittal in Lincoln County that would benefit him in the Paulding County appeal.