## A10A0059. WILDER v. THE STATE.
### (721 SE2d 661)

SMITH, Presiding Judge.

In Division 1 of *Wilder v. State*, 304 Ga. App. 891 (698 SE2d 374) (2010), we affirmed the trial court's denial of Glenn Wilder's motion to suppress evidence on the ground that the independent source doctrine allowed the admission of the evidence independent of any constitutional violation. Id. at 891-894 (1). In *Wilder v. State*, 290 Ga. 13 (717 SE2d 457) (2011), the Georgia Supreme Court reversed our decision on the ground that the independent source doctrine did not apply. Id. at 16-17 (2). The Supreme Court did not address the remaining divisions of our opinion, and our rulings in those divisions are not inconsistent with the Supreme Court's decision. Accordingly, we vacate only Division 1 of our opinion, and we adopt the Supreme Court's decision as our own as to that division.

As stated by the Georgia Supreme Court, the trial court also denied Wilder's motion to suppress on the ground that a third party had given consent for the seizure of the briefcase. The Supreme Court noted evidence in the record showing that the third party assumed the role of bailee,[1] but here, the trial court made no findings regarding this issue. Because of the lack of findings by the trial court which could affect the proper resolution of the motion, we remand this case to the trial court for further proceedings consistent with the Georgia Supreme Court's decision.

*Judgment affirmed in part, reversed in part, sentence vacated, and case remanded with direction. Mikell, C. J., and Adams, J., concur.*

DECIDED DECEMBER 28, 2011.

*Michael O. Horgan*, for appellant.

*Dennis C. Sanders, District Attorney, Rindi L. Harbeson, Kevin R. Majeska, Durwood R. Davis, Assistant District Attorneys*, for appellee.

---

[1] The Supreme Court declined to decide "whether the circumstances would warrant application of the 'inevitable discovery' doctrine, a close relative of the independent source doctrine," holding that "[t]hese issues are best left on remand, with the benefit of additional briefing and argument as necessary." 290 Ga. at 17 (3).