**SECOND DIVISION
BARNES, P. J.,
MCFADDEN and MCMILLIAN , JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 19, 2013**

# In the Court of Appeals of Georgia

A12A1904. WILDER v. THE STATE.

McFADDEN, Judge.

After a jury trial, James Wilder was convicted of statutory rape, aggravated child molestation, two counts of child molestation and two counts of sexual exploitation of a child based on acts he committed with a 15-year-old girl. On appeal, this court affirmed the convictions, holding in part that Wilder's motion to suppress incriminating evidence found in a briefcase had been properly denied pursuant to the independent source exception to the exclusionary rule. *Wilder v. State*, 304 Ga. App. 891, 891-894 (1) (698 SE2d 374) (2010). The Georgia Supreme Court reversed that decision on the ground that the independent source doctrine did not apply. *Wilder v. State*, 290 Ga. 13, 15-17 (2) (717 SE2d 457) (2011). However, the Supreme Court remanded the case for consideration of the possible applicability of the inevitable

discovery and third-party consent doctrines. *Wilder*, 290 Ga. at 17 (3). On remand, the trial court found that both doctrines did apply and that the motion to suppress had thus been properly denied. Wilder appeals. Because the trial court correctly ruled that the inevitable discovery doctrine applies, we affirm.

The Supreme Court, quoting from *Wilder*, 304 Ga. App. at 892 (1), set forth the following pertinent facts established at the suppression hearing.

> [A]n investigating officer received information from the victim and another woman, April Quick, that Wilder had a briefcase containing videotapes of the victim and Wilder engaging in sex acts, and that the briefcase was at the home of Wilder's friend, Judy Malin. Malin testified that Wilder had been at her home with the victim on one occasion and that, on another occasion, Wilder left a locked briefcase at her home and told her he would "pick it back up later." Malin stated further the briefcase was at her home for several months before she was contacted by the officer who asked that she turn it over to him. She testified that she was reluctant, confused, and frightened, but that she "felt like she was cooperating with whatever needed to be done" and that she wanted the briefcase "out of my house."
>
> The officer requested that Quick retrieve the briefcase from Malin's home and bring it to him. Quick testified that when she gave him the briefcase, the officer gave her $20 "for my gas because I had no gas." Once the officer had possession of the briefcase, he obtained a search warrant to search its contents. Inside the briefcase officers found DVDs containing explicit images of the victim, videotapes containing images of Wilder and the victim engaging in sexual intercourse, and copies of portions of the Georgia Code (downloaded while the victim was 15 years old) defining sodomy, statutory rape, and child molestation with the text "under the age of 16 years" highlighted.

2

(Citation and punctuation omitted.) *Wilder*, 290 Ga. at 13-14.

The Supreme Court went on to explain that "[a]s the foregoing recitation of facts reflects, there was but a single search of Wilder's briefcase, and this search was conducted only after issuance of a search warrant, the validity of which is not at issue. Wilder's contentions thus center on the warrantless seizure of the briefcase prior to issuance of the search warrant." *Wilder*, 290 Ga. at 15 (2). The Court further noted that it was uncontested that the taking of the briefcase, although actually performed by private citizen Quick, constituted an act of the state proscribed by the Fourth Amendment because it was instigated by the investigating officer. Id. at 15 (2), fn. 2.

1. *Inevitable discovery doctrine.*

Wilder claims that the trial court erred in concluding that the motion to suppress was properly denied under the inevitable discovery doctrine. The claim is without merit.

> Under the inevitable discovery doctrine, if the [s]tate can prove by a preponderance of the evidence that evidence derived from police error or illegality would have been ultimately or inevitably discovered by lawful means, then the evidence is not suppressed as fruit of an impermissible search or seizure. In other words, there must be a reasonable probability that the evidence in question would have been discovered by lawful means, and the prosecution must demonstrate that the lawful means which made discovery inevitable were possessed by

3

the police and were being actively pursued prior to the occurrence of the illegal conduct.

(Citations and punctuation omitted.) *Schweitzer v. State*, ___ Ga. App. ___ (Case No. A12A2222, decided February 21, 2013). See also *Taylor v. State*, 274 Ga. 269, 274-275 (3) (553 SE2d 598) (2001).

In this case, even if we presume that the warrantless seizure of the briefcase was unlawful, prior to that seizure the investigating officer had information from the minor victim and Quick that the briefcase contained videotapes of Wilder engaging in sexual activity with the victim, and that the briefcase was located at Malin's house. That information included Quick actually having seen Wilder play a brief portion of one of the videotapes, which depicted him and the victim engaged in oral sex, and Wilder then placing the videotape in the briefcase. The officer investigated the information by, among other things, contacting Malin to confirm that the briefcase was in fact at her house. The officer called Malin two or three times to discuss the briefcase, she confirmed that Wilder had left the briefcase at her house, and she complied with the officer's request to give the briefcase to Quick so she could turn it over to the officer.

4

Within 24 hours of receiving the briefcase, the officer applied for a warrant to search the contents of the briefcase. In his application and affidavit, the officer included not only the information he had obtained from Quick prior to the seizure of the briefcase, but also information provided by the victim as well as two other witnesses interviewed as part of the officer's ongoing investigation. In light of the record before us, we find that there was a reasonable probability that the evidence in question would have inevitably been discovered by lawful means. The investigating officer possessed information about the contents and location of the briefcase, he was actively pursuing investigation of that information, and such information provided probable cause to authorize seizure of the briefcase. See *Teal v. State*, 282 Ga. 319, 326-327 (2) (647 SE2d 15) (2007) (inevitable discovery where investigation prior to police error resulted in information that served as basis for issuance of search warrant). Accordingly, "we discern no error in the trial court's ruling that the contents of the [briefcase] would have been inevitably discovered as part of the [lawful investigation] of [Wilder]." *Schweitzer*, supra.

2. *Third-party consent.*

Because of our holding above in Division 1, we need not consider appellant's further claim that the trial court erred in finding the seizure lawful under the third-

5

party consent doctrine. Even if we assume for the sake of argument that such finding was error, the trial court's correct conclusion that the motion to suppress was properly denied pursuant to the inevitable discovery doctrine mandates affirmance of the trial court's ruling. See generally *Fincher v. State*, 276 Ga. 480, 481 (2) (578 SE2d 102) (2003) (trial court's ruling on motion to suppress will be upheld if it is right for any reason).

*Judgment affirmed. Barnes, P. J., and McMillian, J., concur.*