**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 4, 2017**

# In the Court of Appeals of Georgia

A17A1727. WILDER v. THE STATE.

ELLINGTON, Presiding Judge.

On May 29, 2009, a Lincoln County jury found James Glenn Wilder guilty beyond a reasonable doubt in Case No. 2005-CR-3630 of aggravated child molestation, child molestation, statutory rape, and sexual exploitation of a child (two counts), based on acts he committed in 2003 and 2004. After a series of proceedings, including consideration by the Supreme Court of Georgia, Wilder's convictions were affirmed.[1] In August 2013, the case returned to the trial court for resentencing as directed in Wilder's original direct appeal, *Wilder v. State*, 304 Ga. App. 891, 895-

---

[1] See *Wilder v. State*, 304 Ga. App. 891 (698 SE2d 374) (2010); *Wilder v. State*, 290 Ga. 13 (717 SE2d 457) (2011); *Wilder v. State*, 320 Ga. App. 497 (740 SE2d 241) (2013).

896 (6) (698 SE2d 374) (2010). The trial court sentenced Wilder to thirty years, to serve twenty in prison, for aggravated child molestation; five years for child molestation,[2] consecutive; five years for statutory rape, concurrent; and five years for each count of sexual exploitation of a child, concurrent. The sentences totaled thirty-five years, to serve twenty-five years in prison.

Wilder filed a motion for new trial after the resentencing.[3] The trial court conducted a hearing on February 16, 2017. The parties informed the court that they were in agreement that Wilder was entitled to be resentenced with respect to the child molestation conviction, which was Count 2, on the basis that OCGA § 17-10-6.2, which was enacted in 2006, requires a split sentence of at least the statutory minimum sentence of imprisonment for the offense plus at least one year of probation.[4] At the

---

[2] An additional count of child molestation merged with the greater offense.

[3] See *Wilder v. State*, Case No. A16A1288, decided September 8, 2016 (unpublished decision reversing the denial of Wilder's motion for an out of time appeal).

[4] OCGA § 17-10-6.2 (b) provides:
[N]otwithstanding any other provisions of law to the contrary, any person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to the offense. No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and such

time of the hearing, the applicable statutory range for child molestation was not less than five nor more than twenty years imprisonment. OCGA § 16-6-4 (b) (1) (2017) ("[A] person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years[.]"). The trial court resentenced Wilder on Count 2 to five years consecutive to Count 1 (aggravated child molestation) plus an additional year on probation, for a total of six years, to serve five, on Count 2. The sentences now total thirty-six years, to serve twenty-five years in prison. Wilder again appeals.

In the current appeal, Wilder contends that, because OCGA § 17-10-6.2 was not enacted until after he committed the offenses in 2003 and 2004, the parties were mistaken in believing that the Code section applies. In this, Wilder is correct.[5] It does not necessarily follow, however, that reversal is required.

---

sentence shall include, in addition to the mandatory imprisonment, an additional probated sentence of at least one year.

[5] *Fleming v. State*, 271 Ga. 587, 590 (523 SE2d 315) (1999) ("[I]t has long been the law in this state that, in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission.") (citations omitted); *Hicks v. State*, 228 Ga. App. 235, 237 (1) (b) (494 SE2d 342) (1997) ("The law as it exists at the time of the offense determines both the penalty that may be imposed and the conduct that is considered to be a crime.") (citations and footnote omitted).

3

"Under Georgia law, a sentence is void if the court imposes punishment that the law does not allow. A sentence that falls within the prescribed statutory limits, however, is legally authorized and is not subject to review by this Court." (Citations and punctuation omitted.) *Few v. State*, 311 Ga. App. 608 (716 SE2d 644) (2011). See also *Monroe v. State*, 250 Ga. 30, 36 (7) (295 SE2d 512) (1982) ("The trial court has the discretion to impose sentence within the parameters prescribed by the statute and if the sentence is within the statutory limits, the appellate courts will not review it.") (citations omitted). Wilder's present sentence on Count 2 of six years, to serve five, falls within the applicable statutory range of sentencing, that is, according to the provisions of the law existing in 2003 and 2004, for a first offense of child molestation.[6] Because the sentence is legally authorized, we will not review it. Moreover, even if the trial court mistakenly believed that it was required, rather than merely authorized, to impose a split sentence on Count 2 of at least five years in prison plus at least one year on probation, any such sentencing error was induced by Wilder and affords no grounds for reversal. See *Torres v. State*, 272 Ga. 389, 392 (7)

---

[6] OCGA §§ 16-6-4 (b) (1) (2003) ("[A] person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years[.]"); 16-6-4 (b) (1) (2004) ("[A] person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years[.]").

(529 SE2d 883) (2000) ("It is well established that induced error is impermissible and furnishes no ground for reversal.") (citation omitted); *Gorman v. State*, 318 Ga. App. 535, 540 (4) (734 SE2d 263) (2012) ("One cannot complain of a result he procured or aided in causing, and induced error is not an appropriate basis for claiming prejudice.") (punctuation and footnote omitted).

*Judgment affirmed. Andrews and Rickman, JJ., concur.*