# Court of Appeals
# of the State of Georgia

ATLANTA,  November 19, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1743. JAMES GLENN WILDER v. THE STATE.**

In 2009, a jury found James Glenn Wilder guilty of aggravated child molestation, child molestation (two counts), statutory rape, and sexual exploitation of a child (two counts). After a series of appeals, including consideration by the Supreme Court of Georgia, Wilder's convictions were affirmed, but the case was remanded for re-sentencing. See *Wilder v. State*, 304 Ga. App. 891 (698 SE2d 374) (2010); *Wilder v. State*, 290 Ga. 13 (717 SE2d 457) (2011); *Wilder v. State*, 313 Ga. App. 448 (721 SE2d 661) (2011); *Wilder v. State*, 320 Ga. App. 497 (740 SE2d 241) (2013). The trial court re-sentenced Wilder. Wilder filed a motion for an out-of-time appeal, which the trial court denied, and he then appealed that order. In an unpublished opinion, we vacated the denial of Wilder's motion and remanded the case for the trial court to hold a mandatory hearing. See *Wilder v. State,* Case No. A16A1288 (decided Sept. 8, 2016). The trial court once again re-sentenced Wilder, and Wilder once again appealed. We affirmed the new sentence. See *Wilder v. State*, 343 Ga. App. 110, 112 (806 SE2d 200) (2017).

On January 11, 2019, Wilder filed a pro se motion for an out-of-time appeal, asserting his attorney failed to notify him that his prior appeal had been affirmed or that he was entitled to conflict-free counsel. The trial court held a hearing and denied Wilder's motion, finding that Wilder was not entitled to an out-of-time appeal. Wilder then filed this pro se direct appeal. The State has filed a motion to dismiss on the ground than another appeal is not a remedy available to Wilder. We agree.

"An out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal." *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856)

(2002) (punctuation omitted); see also *Kilgore v. State*, 325 Ga. App. 874, 875 (1) (756 SE2d 9) (2014). "Due to the very nature of an out-of-time appeal, it is not a remedy available to a criminal defendant whose conviction has been reviewed by an appellate court on direct appeal since that defendant is not entitled to a second direct appeal from his judgment of conviction." *Richards*, 275 Ga. at 191. Because Wilder has had a direct appeal from his most recent sentence, he is not entitled to an out-of-time appeal, and the denial of his motion for an out-of-time appeal is not subject to appeal. See id.; accord *Brown v. State*, 296 Ga. App. 224, 224 (674 SE2d 91) (2009). The State's motion to dismiss is therefore GRANTED, and this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   11/19/2020            *
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*